PER CURIAM.
The appellants, Ram Electronics Corp., formerly known as Sigma Management, Inc., and Ira I. Malkin, challenge a nonfinal order whereby the trial court denied a motion which sought to compel arbitration of the counterclaim filed by the appellee, William Westley. We find that the appellee’s counterclaim should have been submitted to arbitration and, accordingly, reverse the trial court’s order.
Westley and his wife were the sole stockholders of Ram Electronics, Inc. (not to be confused with appellant Ram Electronics, Corp.). On June 16, 1987, Westley, his wife, and their corporation entered into a purchase agreement with the appellants which involved the conveyance of corporate assets. The first paragraph of the agreement described the various capacities of the parties:
THIS AGREEMENT ... is made and entered into ... by and between RAM ELECTRONICS, INC., a Florida corporation (the “Seller”), SIGMA MANAGEMENT, INC., (the “Purchaser), IRA I. MALKIN (the “Guarantor”), and WILLIAM WESTLEY (the “Active Stockholder”) and PHYLLIS WESTLEY (the “Stockholder”), (collectively, the “Stockholders”).
Pursuant to the agreement, Westley’s corporation was to convey “all of the assets, except those assets listed on Schedule 2 to [the] Agreement, used in connection with the Seller’s operation of the Business....” The purchase agreement also contained the following clause regarding arbitration:
(1) Arbitration. All disputes concerning or arising from this agreement shall be resolved by binding arbitration under the rules of the American Arbitration Association and pursuant to the Florida Arbitration Code (ch. 682, Fla.Stat.).
The Seller and Purchaser each shall select one arbitrator and the arbitrators so selected shall select one additional arbitrator so that the number of arbitrators is three.
A court of competent jurisdiction may be used to enforce, but not to appeal or challenge, the arbitrators’ decision.
Westley executed the purchase agreement twice — once in his capacity as president of the seller corporation and once in his individual capacity as a stockholder. On the same day, Westley entered into a two year employment agreement with appellant Ram Electronics Corp. which was then doing business as Sigma Management, Inc.
Westley was later terminated from employment before the expiration of his employment agreement. Thereafter, the appellants filed a complaint against Westley for certain injunctive relief under the employment agreement. The disposition of the appellants’ complaint is not at issue here. In response to that complaint, West-ley filed a counterclaim for replevin of certain items allegedly in possession of appellant Ram Electronics Corp. The items con *938 sisted of manufacturers’ repair manuals and the like which Westley claimed that he loaned to appellant Ram Electronics Corp. for the purpose of duplication. The counterclaim alleged:
[T]o Westley’s best knowledge ... defendant [sic] detains the property because it now asserts that the property was sold by RAM ELECTRONICS, INC. (WESTLEY’S corporation) to Plaintiff on June 16, 1987, as a part of the assets of WESTLEY’S corporation, RAM ELECTRONICS, INC.... The property of WESTLEY described above is not listed or described as an asset of RAM ELECTRONICS, INC. which was sold to Plaintiff under the June 16, 1988 [sic], agreement.
Appellant Ram Electronics Corp. subsequently filed a motion requesting the trial court to abate Westley’s counterclaim and submit it to arbitration pursuant to the terms of the purchase agreement. The motion alleged that the items which West-ley sought to possess were conveyed under the purchase agreement, that they were on the premises of the business when the purchase agreement was executed, and that they were regularly used in operation of the business. The parties subsequently filed memoranda of law on whether the counterclaim was subject to the arbitration provision of the purchase agreement. The trial court denied the motion without a hearing, and this timely appeal followed.
The appellants contend that the trial court erred in refusing to submit Westley’s counterclaim to arbitration. We agree.
As a preface, we agree with the appel-lee’s assertion that arbitration should only be compelled for those disputes which the parties have agreed to submit to arbitration. Pacemaker Corp. v. Euster, 357 So.2d 208 (Fla. 3d DCA 1978). Sub judice, however, Westley was a party to the purchase agreement in his individual capacity, and the previously quoted arbitration provisions of that agreement contain no language which would exempt him from their purview.
Westley’s counterclaim for replevin seeks the return of items appellant Ram Electronics Corp. detains, rightfully or wrongfully, as a result of the purchase agreement. Since the counterclaim arises from the purchase agreement, appellant Ram Electronics Corp. has a contractual right to have this particular dispute resolved by arbitration according to the terms of the parties’ agreement.
Appellant Ram Electronics Corp. filed a proper motion seeking the trial court to compel arbitration on Westley’s counterclaim. Since Westley never raised an issue as to “the making of” the purchase agreement or the arbitration clause contained therein, an evidentiary hearing was not required and the trial court was obligated to submit the matter to arbitration. § 682.03(1), Fla.Stat. (1987); Walter L. Keller & Assoc., P.A. v. Health Management Foundation, 438 So.2d 1076 (Fla. 2d DCA 1983). We, accordingly, reverse the trial court’s nonfinal order and remand for further proceedings.
REVERSED AND REMANDED.
SCHOONOVER, A.C.J., and LEHAN and THREADGILL, JJ., concur.