HOME GAS CORPORATION OF MASSACHUSETTS, INC. *vs.*
WALTER'S OF HADLEY, INC., & another.[1]

Hampshire.    November 9, 1988. — January 11, 1989.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, & O'CONNOR, JJ.

*Arbitration,* Waiver. *Waiver.*

In a contract action, the judge properly and correctly concluded that the defendant had waived its right to arbitration under the disputed contract by waiting two and one-half years after the filing of the complaint and taking advantage of discovery and a hearing before a master, before making the demand for arbitration. [774-777]

Nothing in Rules 1 and 47(a) of the American Arbitration Association incorporated in a contract precluded this court from determining that a party had waived its right to demand arbitration by engaging in litigation, including discovery and a fourteen-day hearing before a master, before making its demand. [777-778]

CIVIL ACTION commenced in the Superior Court Department on August 23, 1984.

A motion for a stay of arbitration was heard by *Raymond R. Cross,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael Pill* for the defendants.

*John J. O'Brien (John J. McQuade, Jr.,* with him) for the plaintiff.

ABRAMS, J.  At issue is the correctness of an order for stay of arbitration. The defendant made the demand for arbitration two and one-half years after the commencement of the action, and after a fourteen-day hearing before a master with facts final. In his report, the master recommended judgment for the plaintiff. A few months thereafter, current counsel for the

---

[1] Walter Strycharz. We shall refer to a single defendant.

defendant filed his appearance and made a demand for arbitration. The plaintiff then filed a motion for stay of arbitration. After a hearing, the judge allowed the motion for stay of arbitration. The defendant appealed pursuant to G. L. c. 251, § 18 (*a*) (2) (1986 ed.). We transferred the matter to this court on our own motion. We affirm the order for stay of arbitration.

The plaintiff, Home Gas Corporation of Massachusetts, Inc. (Home Gas), and Walter Strycharz, on behalf of Walter's of Hadley, Inc. (Walter's), entered into a contract in 1980 in which the defendant agreed that Walter's would act as an independent contractor to solicit new purchasers of propane gas and to deliver, install, and service tanks and gas service equipment for Home Gas. Walter's, or its predecessor and president, defendant Walter Strycharz, had been a distributor for Home Gas since 1946. The 1980 agreement contained an arbitration clause, which is set forth in the margin.[2] In 1984, Home Gas advised the defendant that it was terminating the contract because of alleged violations of its terms. Home Gas commenced this action against the defendant in August, 1984, to enforce the terms of the contract regarding termination and seeking injunctive relief and monetary damages.

The defendant filed an answer to the complaint, with counterclaims. At the same time, the defendant filed a motion to dismiss or stay proceedings pending submission of issues to

---

[2] *"Article XXVI: Arbitration.*

"In the event of a dispute between Company and Contractor arising over any issues except price and the right to terminate this Agreement under ARTICLE XXXII, hereafter, Company and Contractor shall apply to the American Arbitration Association for appointment of an arbitrator. Any arbitration decision or award that shall be made in such arbitration shall be binding and shall have the same force and effect as a judgment made in court of competent jurisdiction and both Company and Contractor shall have the right to apply to any Court for a decree, judgment, or order based upon said arbitration decision or award upon ten (10) days' notice to the other party. The fees, costs and expenses of arbitration, other than fees of attorneys for the parties, expert witnesses and other witness' fees, shall be born equally between the parties unless the arbitrator determines that some other division shall under the circumstances be more equitable. The arbitrator shall be bound by the provisions of this Agreement and shall not add to or subtract from or otherwise modify such provisions."

arbitration. The record does not reflect any action on this motion. Both parties engaged in discovery for about one year, at the end of which both filed complaints for civil contempt. At the hearing on the contempt complaints, the parties agreed to go before a master with facts final.

Following the filing of the master's report, the defendant moved to strike portions of the report and to reject the report in its entirety. After hearing, the judge denied the defendant's motions and overruled the objections on or about November 25, 1986. The judge remanded the matter to the master for further findings.

On February 9, 1987, the defendant through new counsel filed a demand for arbitration with the American Arbitration Association. The plaintiff filed a motion for a stay of arbitration, which was allowed.

A motion for stay of arbitration is governed by the Uniform Arbitration Act, set forth in G. L. c. 251, § 2 (*b*) (1986 ed.), which provides in part that the court "may stay an arbitration proceeding commenced or threatened if it finds that there is no agreement to arbitrate." If the Superior Court judge finds, on summary proceedings, that there is no such agreement, he or she "shall order a stay of arbitration; otherwise the court shall order the parties to proceed to arbitration." We agree that G. L. c. 251 "express[es] a strong public policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes." *Danvers* v. *Wexler Constr. Co.*, 12 Mass. App. Ct. 160, 163 (1981).

The defendant asserts that there is an arbitration clause in the contract and therefore the demand for arbitration should have been allowed. See G. L. c. 251, § 2 (*b*). The defendant further asserts that whether there are arbitrable issues is for the arbitrator, not the court. Thus, the defendant concludes that the arbitrator and not the court should determine arbitrability, including waiver. We do not agree. "Whether a party has waived arbitration is a question of arbitrability for the court to determine." *Martin* v. *Norwood*, 395 Mass. 159, 162 (1985). "[I]t is the province of the court to determine whether there has been a default [in pursuing arbitration]. The parties are pre-

cluded from contracting to exclude the court from jurisdiction over this issue." *United Nuclear Corp.* v. *General Atomic Co.*, 93 N.M. 105, 122, cert. denied, 444 U.S. 911 (1979).

"The essential question is whether, under the totality of the circumstances, the defaulting party acted ' "inconsistently" with the arbitration right.' " *Martin* v. *Norwood, supra,* quoting *Dickinson* v. *Heinold Sec., Inc.,* 661 F.2d 638, 641 (7th Cir. 1981).[3] The right to arbitration "may be lost, as any contractual right which exists in favor of a party may be lost through a failure properly and timely to assert the right." *Bodine* v. *United Aircraft Corp.,* 52 Cal. App. 3d 940, 945 (1975), quoting *Gunderson* v. *Superior Court,* 46 Cal. App. 3d 138, 143 (1975). "[A] party must 'proceed with dispatch in seeking arbitration' if it does not wish to waive that right." *Jones Motor Co.* v. *Chauffeurs Local No. 633,* 671 F.2d 38, 42 (1st Cir.), cert. denied, 459 U.S. 943 (1982), quoting *E.T. Simonds Constr. Co.* v. *Local 1330, Int'l Hod Carriers,* 315 F.2d 291 (7th Cir. 1963). See *Sikora* v. *Hogan,* 315 Mass. 66, 71 (1943); *Agoos Kid Co.* v. *Blumenthal Import Corp.,* 282 Mass. 1, 14 (1933) (both decided before adoption of Uniform Arbitration Act). See also *Hanslin Builders, Inc.* v. *Britt Dev. Corp.,* 15 Mass. App. Ct. 319, 321-322 (1983) (decided after adoption of Uniform Arbitration Act).

A court, thus, must consider "what set of facts will justify a holding that a party has waived his rights to arbitration." *United Nuclear Corp.* v. *General Atomic Co., supra* at 114.[4] In deciding the issue of waiver, courts consider several factors. "[F]ederal courts typically have looked to whether the party has actually participated in the lawsuit or has taken other action

---

[3] *Martin* was decided under the Federal Arbitration Act, 9 U.S.C. §§ 1-14 (1982). Section 3 of the Act provides for a stay pending arbitration, "providing the applicant for the stay is not in default in proceeding with such arbitration."

[4] We are assuming, for purposes of this appeal, that the defendant has not expressly waived its right to arbitration. The master explicitly declined to make findings or conclusions on this issue, stating it to be "beyond [his] province as the Master in this case."

Because we conclude that the defendant waived its right to arbitrate, we do not reach the issue of the scope of the arbitration clause in the contract.

inconsistent with his right . . . whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff . . . whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand . . . . Other relevant factors are whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings . . . whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration . . .) had taken place . . . and whether the other party was affected, misled, or prejudiced by the delay . . ." (citations omitted). *Reid Burton Constr., Inc.* v. *Carpenters Dist. Council*, 614 F.2d 698, 702 (10th Cir.), cert. denied, 449 U.S. 824 (1980).[5]

The defendant moved for a stay of proceedings pending arbitration before discovery, but apparently never moved for a hearing on the motion. Had the defendant pursued the question at that point, its motion (if denied) could have been treated as "equivalent to an order refusing to compel arbitration which is presently appealable under G. L. c. 251, §§ 18 (*a*) (1) and (2)." *Danvers* v. *Wexler Constr. Co.*, *supra* at 162 n.3. The defendant's failure to pursue the demand for arbitration early in the proceedings caused the parties and the court to expend

---

[5] Other jurisdictions also have used the same factors to conclude that parties have waived the right to arbitration. See, e.g., *Rancho Pescado, Inc.* v. *Northwestern Mut. Life Ins. Co.*, 140 Ariz. 174, 181 (Ct. App. 1984) (failure to take interlocutory appeal from denial of motion to arbitrate is a "tactical election of remedy," and a waiver of arbitration); *Hayworth* v. *Oakland*, 129 Cal. App. 3d 723, 730 (1982) (participation in litigation of arbitrable issues waives right to arbitration); *Bodine* v. *United Aircraft Corp.*, 52 Cal. App. 3d 940, 945 (1975) (litigating dispute waives arbitration clause); *United Nuclear Corp.* v. *General Atomic Co.*, 93 N.M. 105, 115 (1979) (delay in requesting arbitration accompanied by prejudice to opposing party waives right to arbitration); *DeSapio* v. *Kohlmeyer*, 35 N.Y.2d 402, 405 (1974) ("contesting the merits through the judicial process is an affirmative acceptance of the judicial forum and waives any right to a later stay of the action"); *Gross* v. *Tagger*, 46 A.D.2d 876 (N.Y. 1974) ("acceptance of a judicial forum" and "unreasonable delay" in demanding arbitration constitute waiver).

403 Mass. 772          777

Home Gas Corp. of Massachusetts, Inc. *v.* Walter's of Hadley, Inc.

a great deal of time, expense, and resources on trying the case before a master, and caused the opportunity for "an expeditious alternative to litigation" to be lost. *Id.* at 163. See *Rancho Pescado, Inc.* v. *Northwestern Mut. Life Ins. Co.*, 140 Ariz. 174, 183 (Ct. App. 1984).

The two cases on which the defendant principally relies are readily distinguishable from the present case. In *Danvers, supra,* the parties filed an interlocutory appeal from the denial of their motion to stay proceedings pending arbitration. There had been no discovery in the third-party action in which arbitration was raised, no acquiescence in the judicial forum, and no waste of the parties' or the court's time or resources. In *Atlas* v. *7101 Partnership*, 109 Ill. App. 3d 236 (1982), after the plaintiff filed an amended complaint, both the plaintiff and one of the defendants moved for an order compelling arbitration. When the judge ordered arbitration, the nonmoving defendant appealed. The appellate court held that the plaintiff's "limited legal maneuverings" did not serve to waive his right to arbitration, and, in any event, the moving defendant certainly had the right to compel arbitration. *Id.* at 241. Neither of these cases supports the proposition that a party may delay for two and one-half years, take advantage of discovery and a trial before a master, and then insist on a right to arbitration.

The defendant argues, however, that the contract itself precludes waiver, because it incorporates the Rules of the American Arbitration Association (1986). Rule 1 of the American Arbitration Association Commercial Arbitration Rules provides in part: "The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association or under its Rules." [6] Rule 47(a) provides: "No judicial proceedings by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." The defendant cites to rule 47(a) and to the Illinois case, *Atlas* v. *7101 Partnership, supra,* in support of the proposition that the incorporation of the American Arbitration Association rules in

---

[6] The contract in this case provides for arbitration by the American Arbitration Association; see note 2, *supra.*

a contract precludes a court from determining that a party waived its right to demand arbitration. That case, however, did not consider parties who had first gone to trial, and then moved for arbitration. In *Atlas*, the legal proceedings were limited to the demand for arbitration and two motions for preliminary injunction which had been denied. In those circumstances, the court stated that "the limited legal maneuverings of plaintiff . . . were not inconsistent with that arbitration clause. Therefore, plaintiff has not waived his right to arbitrate." *Id.* at 241. We do not read *Atlas* as precluding a waiver in all circumstances. Rather, *Atlas* relied on the limited use of judicial resources to conclude there was no waiver.

In the instant case, there was a fourteen-day hearing, a report by the master suggesting judgment for the plaintiff, and, preceding that, approximately one year of discovery before the defendant demanded arbitration.[7]

We will not permit parties to "waste scarce judicial time and effort" and hamper judges' authority "to control the course of proceedings before them and to correct any abuse of those proceedings," *Jones Motor Co.* v. *Chauffeurs Local No. 633*, 671 F.2d 38, 43 (1st Cir. 1982), and then demand arbitration. Further, delay in demanding arbitration until after judicial proceedings are almost complete permits the losing party to "test[ ] the water before taking the swim." *Hayworth* v. *Oakland*, 129 Cal. App. 3d 723, 730 (1982), quoting *McConnell* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 Cal. App. 3d 946, 951 (1980). A party may not litigate his case, lose, and then demand arbitration.

> *Order allowing motion to*
> *stay arbitration affirmed.*

---

[7] "Discovery procedures are often the most expensive and time-consuming elements of a court trial, and thus have often been considered to be inconsistent with the reasons for arbitration." *United Nuclear Corp.* v. *General Atomic Co., supra* at 117. A party may "obtain[ ] many benefits from pre-trial discovery that would not have been available had [the party] reasonably demanded arbitration." *Id.* at 116.