786 So.2d 1245 (2001)
BOSTON BANK OF COMMERCE d/b/a Peoples Bank of Commerce and Consumer Asset Management, Appellants,
v.
Rodolfo MOREJON, Appellee.
No. 3D01-216.
District Court of Appeal of Florida, Third District.
June 13, 2001.
*1246 Camner, Lipsitz and Poller and Adam Mitchell Neijna, Coral Gables, and Wendy Hill El Deiry, for appellants.
Anthony S. Paetro, Bay Harbor Islands, for appellee.
Before GERSTEN, SHEVIN and SORONDO, JJ.
PER CURIAM.
Boston Bank of Commerce, d/b/a Peoples Bank of Commerce, (Bank), and Consumer Asset Management Inc. (CAM), appeal the lower court's non-final order denying their motion to compel arbitration.
On April 3, 1995, Rodolfo Morejon entered into a form Note, Disclosure and Security Agreement with Jefferson Bank. Pursuant to the Note, Morejon borrowed $15,327.90 to purchase a 1986 Porsche, which was security for repayment of the debt. The Note required fifty-nine equal payments and a final "balloon" payment of $7,274.05, due April 3, 2000. The Note further provided an arbitration clause which read as follows:
Lender and [Morejon] agree that all disputes, claims and controversies between us, whether individual, joint, or class in nature, arising from this Agreement or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association, upon request of either party .... Nothing in this Agreement shall preclude any party from seeking equitable relief from a court of competent jurisdiction.
Bank contracted the servicing of the loan to CAM. On March 18, 2000, CAM advised Morejon that he still owed $13,292.49, plus per diem, and this sum was to be paid on or before April 3, 2000. This sum included insurance purchased by Bank. Morejon objected and advised that the vehicle had always been insured. The objection was ignored and CAM apparently hired American Lenders Service Corp. to repossess the vehicle. Bank notified Morejon that they would sell the vehicle within ten days unless the amount due was paid. Morejon, through counsel, offered to pay the correct amount owed the bank, however, this "tender" was also ignored. The car was sold to a third party for $5,750 (of which, $4,300 was received by CAM for Morejon's account).
Thereafter, Morejon filed a complaint alleging breach of contract, conversion and replevin. In response, Bank filed a motion to dismiss, stay proceedings and compel arbitration pursuant to the Note, with a supporting memorandum of law. On January 9, 2001, the lower court held a hearing on the Motion.
The complaint's claims in equity were dismissed, and, on January 10, 2001, the lower court entered a non-final Order denying Bank's Motion to Dismiss, Stay Proceedings and Compel Arbitration. Bank obtained a stay to bring this appeal. We reverse.
The note that is the subject of this litigation contains an extremely general arbitration clause. It subjects not only contractual but also tort claims to arbitration *1247 upon request of either party. Florida law strongly favors the resolution of disputes by way of arbitration, State Farm Fire & Casualty Co. v. Middleton, 648 So.2d 1200, 1201 (Fla. 3d DCA 1995); EMSA Ltd. Partnership v. Mason, 677 So.2d 105, 107 (Fla. 4th DCA 1996), and courts are encouraged to resolve all doubts in favor of arbitration. Soler v. Secondary Holdings, Inc., 771 So.2d 62 (Fla. 3d DCA 2000). The contract in question provides one exception to the expressed desire of the parties to arbitrate disputes: "Nothing in this Agreement shall preclude any party from seeking equitable relief from a court of competent jurisdiction." Although Morejon included two such claims in his complaint, both were dismissed.[1] Accordingly, the only remaining count was for breach of contract. Under the terms of the contract, Bank's motion to compel arbitration should have been granted.
We reverse and remand with instructions to grant Bank's motion to compel arbitration.
NOTES
[1] The record does not reflect any motion for leave to amend.