Troy, J.
The plaintiffs, Robert A. De Grandis and Lori J. De Grandis, brought this action against the defendants, Bob Silva and Preferred Building Systems, Inc. The Complaint includes claims for breach of contract (Count I), breach of express warranty (Count II), breach of implied warranties (Count III), deceit (Count IV), negligent misrepresentation (Count V), and negligence (Count VI). This matter is before the court on the defendants’ motion to compel arbitration pursuant to G.L.c. 252, §2.[3] For the reasons discussed below, the defendants’ motion to compel arbitration is ALLOWED.
BACKGROUND
On June 8, 2000, the plaintiffs, Robert A. De Gran-dis and Lori J. De Grandis (the plaintiffs), and the *365 defendants, Bob Silva (Silva) and Preferred Buildings Systems, Inc. (Preferred) (the defendants), entered into a written agreement (agreement) providing that Preferred would construct a dwelling at 11 Elders Pond Drive, Lakeville, Massachusetts. The agreement provides that it is “by and between Preferred [Building] Systems, Inc., hereinafter called the Contractor and Robert [and] Lori DeGrandis, hereinafter called the Owner.” Robert A. De Grandis signed the agreement as the Owner and Robert A. Silva signed the agreement as the Contractor.
The agreement provides that “[a]ll disputes hereunder shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association.” On or about September 7, 2000, a dispute arose between the parties. The affidavit of Robert De Grandis states that Silva had “walked off the job” and that he (Silva) later told Lori De Grandis that he left the job and “had no intention to return to the site to honor the contract.”
On September 5, 2003, the plaintiffs filed this action against the defendants. On October 15, 2003, the defendants made demand- upon the plaintiffs for the submission of the dispute to arbitration, in accordance with the arbitration clause in the agreement. The plaintiffs refused to submit the dispute to arbitration.
DISCUSSION
In their opposition to the defendants’ motion to compel arbitration, the plaintiffs present three arguments as to why they should not be required to submit this dispute to arbitration. The plaintiffs first contend that they are not bound by the agreement and its arbitration clause because the defendant repudiated the agreement when he walked off the job site. The plaintiffs argue that the defendants’ acts constituted both a material breach and intentional departure from the terms of the agreement, thereby excusing the plaintiffs from further performance under the agreement and releasing them from their obligation to arbitrate.
“The termination of a contract, whether by rescission according to its terms, by abandonment, by termination for justifiable cause, or otherwise, does not necessarily terminate a provision for arbitration or other agreed procedure for the resolution of disputes.” Mendez v. Trustees of Boston University, 362 Mass. 353, 356 (1972). Thus, even assuming the defendants abandoned or terminated the contract when Silva walked off the job site, this would not release the parties from their obligation to submit the dispute to arbitration. A repudiation or material breach would merely allow the plaintiffs to refrain from performing under the contract, see Ward v. American Mut. Liab. Ins. Co., 15 Mass.App.Ct. 98, 100 (1983), rather than allowing them to avoid the arbitration provision in the agreement.
The plaintiffs next contend that the defendants waived their right to arbitration by walking off the job site before the agreement was completed. Whether the defendants waived their right to arbitration is a question for the court to determine. Martin v. Norwood, 395 Mass. 159, 162 (1985). The right to arbitration is waived when, under the totality of the circumstances, the party acts inconsistently with its arbitration right. Home Gas Corp. v. Walter’s of Hadley, 403 Mass. 772, 775 (1989). The court should consider “whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right . . . whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff . . . whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand . . . whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings . . . and whether the other party was affected, misled, or prejudiced by the delay . . .” Id. at 775-76, quoting Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo., 614 F.2d 698, 702 (10th Cir. 1980).
In this case, the defendants have not acted inconsistently with their right to arbitration such that they have waived the right. The plaintiffs filed their lawsuit on September 5,2003, and the defendants soon thereafteron October 15, 2003 made a demand upon the plaintiffs to submit to arbitration. That same day, the defendants filed their answers to the plaintiffs’ complaint. On November 20, 2003, the defendants mailed to the plaintiffs their motion to compel arbitration, and on December 12, 2003, they properly sought an application for an order to compel arbitration pursuant to G.L.c. 252, §2(a). Thus, there was no long delay in seeking arbitration. Home Gas Corp. v. Walter's of Hadley, 403 Mass. 772, 775 (1989). The parties did not conduct formal discovery prior to the defendants’ answers or otherwise substantially invoke the “litigation machinery” prior to the defendants’ application. Id. The defendants have made no showing that they were affected, misled, or prejudiced by the timing or manner in which the defendants demanded arbitration.[4] Id.
Finally, the plaintiffs argue that they cannot be compelled to arbitrate their dispute with Silva because Silva was not a party to the contract. Whether Silva was a party to the contract, however, is immaterial. The plaintiffs contend that their claims of deceit, negligent misrepresentation, and negligence are against Silva and are separate from their claims against Preferred. The complaint, however, clearly indicates that all six counts are based on Silva’s actions. Thus, even finding that Silva, individually, was not a party to the contract, the claims against *366 Preferred are based entirely upon the actions of Preferred’s agent, Silva, who will be a necessary party in the arbitration procedure.
Accordingly, the defendants’ motion to compel arbitration is allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to compel arbitration be ALLOWED. Pursuant to G.L.c. 251, §2(d), this action is stayed pending arbitration.

G.L.c. 252, §2(a) provides in relevant part: “A party aggrieved by the failure or refusal of another to proceed to arbitration under an agreement described in section one may apply to the superior court for an order directing the parties to proceed to arbitration.”

Moreover, the fact that Silva allegedly walked off the job site does not mean that the defendants waived their right to arbitration. This would circumvent the exact purpose of an arbitration clause and would be inconsistent with the strong public policy in Massachusetts favoring arbitration as an alternative to litigation. Barnstead v. Ridder, 39 Mass.App.Ct. 934, 935 (1996). See also Local No. 1710, Intl. Assn. of Fire Fighters, AFL-CIO v. Chicopee, 430 Mass. 417, 421 (1999).