Connolly, J.
This civil action arises out of a dispute concerning the failure or refusal of the defendants to pay compensation allegedly due to the plaintiffs as an employee or independent contractor for services rendered in recruiting of job candidates for various of the defendant’s clients. A signed agreement was entered into by both the plaintiff and the defendant on December 20, 1996 basically setting out the terms of their agreement. The plaintiff and defendant terminated their relationship on or about March 22, 2000. That agreement, signed by both parties, contained section #12 which contained an agreement to arbitrate. That agreement provided that “the parties agree to binding arbitration any dispute arising under this agreement” and that “the parties waive all right to commence litigation in a court of law or equity in any cause of action arising under this agreement.”
This civil action was commenced in the Boston Municipal Court on September 8, 2000, and was removed to the Superior Court on January 3, 2001. The moving parties here, MacPherson & Associates and Jonilee C. Rossi asserted a counterclaim against the plaintiffs, to which the plaintiffs-defendant-in-counterclaim filed their answer. Thereinafter, the parties have engaged in discovery. The defendants filed a motion for Summary Judgment, which was heard and denied by the Court on March 4, 2004.
Then, after the defendants’ Motion for Summary Judgment was denied comes this motion of the defendants to stay proceedings pending arbitration, filed on April 12, 2004. This motion for a stay pending arbitration comes some four years, one month after the dispute between the parties first occurred, some 3 years, 7 months after this case was commenced, some 3 years, 3 months after the defendants filed its counterclaim, and some one month, 8 days from the denial of the defendant’s Motion for Summary Judgment.
There is a “strong public policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes.” Home Corp. of Massachusetts, Inc. v. Walter’s of Hadley, Inc., 403 Mass. 772, 774 (1989). The question here is whether the defendants have waived their right to arbitration or, in other words, “[t]he essential question is whether, under the totality of the circumstances, the defaulting party [here the defendants] acted ‘inconsistently’ with the arbitration right.” Id. at 775. “The right to arbitration may be lost, as any contractual right which exists in favor of a party may be lost, through the failure properly and timely to assert the right... A party must proceed with dispatch in seeking arbitration if it does not wish to waive that right.” Id. at 775. Thus the Court must consider what set of facts will justify a holding that a party has waived its right to arbitrate. Id. at 775.
This case, according to the time standards, Track F, is overdue for trial. All discovery has been completed, the dispositive defendants’ motion for summary judgment has been heard and denied. It is ready for trial. The defendants have asserted a counterclaim, without asking for a stay of the proceedings, and all parties appear from the docket to have been actively taking advantage of the judicial discovery procedure not available in arbitration.[1]
Here, the parties have prepared this case for trial. For the Court to allow this demand for arbitration at this late date, would be to permit a party to go though all stages of the pretrial procedure, including even the denial of that party’s Motion for Summary Judgment and then seek arbitration. It would permit a party to try his case in Court, then withdraw it and to try it again in another forum (here, arbitration). “[D]elay in demanding arbitrations until after judicial proceedings are almost complete permits the losing party to test the water before taking the swim ... a party may not litigate his case, lose and then demand arbitration.” Id. at 778.

ORDER

After hearing, defendants’ Motion for Stay of Court Action Pending Arbitration is DENIED.

 “Discovery procedures are often the most expensive and time consuming elements of a court trial, and have often been considered to be inconsistent with the reasons for arbitration ... a party may obtain many benefits from pre-trial discovery that would not have been available had the party reasonably demanded arbitration.” Id. at 178, fn.7.