MORRIS, Judge.
General Electric Capital Corporation appeals an order staying the trial court action below and compelling arbitration on General Electric’s complaint for replevin and breach of note and security agreement filed against Bio-Mass Tech, Inc. General Electric claims that Bio-Mass waived any right to arbitration when it actively and substantively engaged in litigation before the trial court. We agree and reverse the trial court’s order.

I. Facts

On January 24, 2011, General Electric filed a complaint against Bio-Mass, alleging a count for replevin and a count for breach of note and security agreement. General Electric alleged that Bio-Mass executed the note and security agreement with a Finn Hydro-Seeder as the collateral and that Bio-Mass failed to make the required monthly payments under the note and security agreement. General Electric sought possession of the collateral property-
A prejudgment writ of replevin was entered on February 2, 2011, and Bio-Mass moved to dissolve the writ of replevin on March 17, 2011. The parties stipulated *700 that the writ of replevin should be dissolved, and the trial court entered an order to that effect on April 1, 2011. The parties entered into a modification agreement on April 24, 2011, restructuring BioMass’s required payments but also incorporating the provisions of the original note and security agreement.
When Bio-Mass again failed to make the required payments, General Electric sought another prejudgment writ of re-plevin.[1] Bio-Mass initially objected in a November 21, 2011, letter to the trial court and demanded a hearing. Bio-Mass later informed the trial court in a letter dated March 23, 2012, that it did not oppose the writ of replevin. The trial court entered an order granting a writ of replevin on March 26, 2012.
Unable to obtain possession of the collateral property, General Electric filed a motion to show cause on March 30, 2012. Bio-Mass filed a motion to strike General Electric’s motion to show cause on April 4, 2012, claiming that under the language of the order granting writ of replevin, BioMass was not required to inform General Electric of the location of the property or to assist General Electric in obtaining the property. Both parties appeared for a hearing on the issue, and the trial court issued an order denying General Electric’s motion to show cause on April 27, 2012.
On May 7, 2012, General Electric filed a motion to compel Bio-Mass to turn over the collateral property, and Bio-Mass filed a motion to strike on May 11, 2012, claiming that General Electric’s motion failed to state a cause of action and that the court was not authorized under the replevin statute to order Bio-Mass to surrender the property. The trial court entered an order granting a pluries prejudgment writ of replevin on July 30, 2012.
Again unable to obtain the property, General Electric filed a motion for rule to show cause on October 30, 2012. The parties appeared for a hearing, and the trial court denied General Electric’s motion on December 14, 2012.
In the meantime, General Electric had filed a motion for summary judgment on October 26, 2012. On January 23, 2013, the day before the hearing was scheduled to be held on General Electric’s motion for summary judgment, Bio-Mass filed a motion to compel arbitration and to stay action. Bio-Mass cited the arbitration provision in the note and security agreement, which provides in relevant part:
15. BINDING ARBITRATION AND EXPENSES. Any controversy or claim arising out of or relating to this Note and Security Agreement or the relationship resulting in or from this Loan Agreement (“Disputes”) will be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association .... Any award rendered by the arbitrator(s) may be entered as a judgment or order and confirmed or enforced by either party in any state or federal court having competent jurisdiction thereof. If either party brings or appeals any judicial action to vacate or modify any award rendered pursuant to arbitration or opposes the confirmation of such award and the party bringing or appealing such action or opposing confirmation of such award does not prevail, such party will pay all of the costs and expenses (including without limitation, court costs, arbitrators’ fees and expenses and reasonable attorneys’ fees) *701 incurred by the other party in defending such action. Additionally, if either party brings any action for judicial relief in the first instance without pursuing arbitration prior thereto, the party bringing such action for judicial relief will be liable for and will immediately pay to the other party all of the other party’s costs and expenses (including without limitation, courts costs and attorneys’ fees) to stay or dismiss such judicial action and/or remove it to arbitration. The failure of either party to exercise any rights granted hereunder will not operate as a waiver of those rights.
After the hearing on the motions, the trial court requested memorandums of law from both parties. On March 4, 2013, the trial court granted Bio-Mass’s motion for arbitration and stayed the court case.

II. Analysis

On appeal, General Electric argues that Bio-Mass actively and substantively engaged in the court litigation for a period of two years by filing pleadings and motions seeking affirmative relief, by appearing before the trial court on numerous occasions, and by defending against General Electric’s claim for replevin. General Electric contends that Bio-Mass therefore waived its right to arbitration.
The facts in this case are undisputed; thus, the case turns on the trial court’s construction of the arbitration provision and the application of the relevant law to the undisputed facts. Accordingly, this court conducts a de novo review of the trial court’s ruling. See Green Tree Servicing, LLC v. McLeod, 15 So.3d 682, 686-87 (Fla. 2d DCA 2009) (en banc). In determining whether a dispute is subject to arbitration, a court should consider whether a valid agreement to arbitrate exists, whether an arbitrable issue exists, and whether the right to arbitration was waived. Id. at 686. Regarding waiver, “ ‘[t]he essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.’” Id. at 687 (quoting Nat’l Found, for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C.Cir.1987)). Relevant to the facts of this case, a party acts inconsistently with the right to arbitration when the party actively participates in the lawsuit by either prosecuting or defending issues that are subject to arbitration. See id.
This court must decide whether the replevin issue is subject to arbitration under the parties’ agreement and, if so, whether Bio-Mass’s actions on the replev-in issue constituted active participation. Florida courts have held that injunctive or equitable relief is subject to arbitration unless the arbitration provision at issue expressly provides an exception for such claims. See Rath v. Network Mktg., L.C., 790 So.2d 461, 462, 466 (Fla. 4th DCA 2001) (holding that party who sought emergency injunctive relief in court pending “determination in arbitration of the issues” waived right to arbitration because “parties’ agreement in the instant case did not contemplate the issuance of interim relief by the circuit court pending the outcome of arbitration”); Romar Transports, Ltd. v. Iron & Steel Co. of Trinidad & Tobago, Ltd., 386 So.2d 572, 573-74 (Fla. 4th DCA 1980) (holding that claim for replevin was subject to arbitration because it was a controversy “touching or arising ... out of the[ ] contract” and that by filing counterclaim for replevin and obtaining such affirmative relief, party waived right to arbitration); see also Boston Bank of Commerce v. Morejon, 786 So.2d 1245, 1247 (Fla. 3d DCA 2001) (suggesting that claims for conversion and replevin were claims for equitable relief that would have been exempt from arbitration provision *702 stating that “[n]othing in this [a]greement shall preclude any party from seeking equitable relief from a court of competent jurisdiction”).
In Ram Electronics Corp. v. Westley, 534 So.2d 936, 937-38 (Fla. 2d DCA 1988), this court held that the defendant’s counterclaim for replevin was subject to arbitration because the counterclaim arose from the purchase agreement, which provided for arbitration of “[a]ll disputes concerning or arising from this agreement.” The arbitration provision at issue in this case provides that “[a]ny controversy or claim arising out of or relating to this Note and Security Agreement or the relationship resulting in or from this Loan Agreement (‘Disputes’) will be settled by binding arbitration.” General Electric’s claim for replevin constitutes a “controversy or claim arising out of or relating to” the note and security agreement “or the relationship resulting ... from” the agreement, see id., and the agreement does not provide any exception allowing the parties to seek equitable relief from a court. Therefore, General Electric’s claim for replevin is subject to arbitration.
Unlike the cases cited above, BioMass defended, rather than pursued, a claim for replevin. Nonetheless, BioMass’s actions in defending against General Electric’s claim for replevin serve as a waiver of Bio-Mass’s right to arbitration. See Green Tree, 15 So.3d at 687 (“ ‘[T]he prosecution or defense of a lawsuit on issues subject to arbitration may constitute a waiver.’ ”) (emphasis added) (quoting Seville Condo. # 1, Inc. v. Clearwater Dev. Corp., 340 So.2d 1243, 1245 (Fla. 2d DCA 1976)). Courts have held that the filing of an answer on the merits without demanding arbitration operates to waive the right to arbitration. See Bared & Co. v. Spec. Maint. & Constr. Inc., 610 So.2d 1, 3 (Fla. 2d DCA 1992) (“It was not the substance of the initial answer that resulted in the waiver but the fact that SMIC and National Fire answered rather than demanding arbitration.”); O’Flarity v. Trend Star Dev., Inc., 689 So.2d 1297, 1297 (Fla. 4th DCA 1997) (“The filing of an answer is an act inconsistent with a subsequent demand to arbitrate.”). The situation in this case is analogous. By responding to and defending the replevin issue on numerous different occasions, Bio-Mass attacked the merits of General Electric’s claim for re-plevin — a claim subject to arbitration — and such conduct constituted a waiver of the right to arbitration. See Miller & Solomon Gen. Contractors, Inc. v. Brennan’s Glass Co., 824 So.2d 288, 290 (Fla. 4th DCA 2002) (“Courts have found active participation in cases in which the party seeking arbitration has defended by attacking the merits of the case as opposed to initially challenging the plaintiffs right to judicial remedy in the first place.”).[2]
Bio-Mass argues that under the last sentence of the arbitration provision, Bio-Mass’s conduct, i.e., its failure to exercise its right to arbitration, could not operate to waive that right to arbitration. The last sentence of the arbitration provision states that “[t]he failure of either party to *703 exercise any rights granted hereunder will not operate as a waiver of those rights.” But this antiwaiver or “no waiver” provision is not itself determinative and does not operate as a complete bar to finding a waiver of the right to arbitration. See ASC Utah, Inc. v. Wolf Mountain Resorts, L.C., 245 P.3d 184, 195-96 (Utah 2010) (citing Living Scriptures, Inc. v. Kudlik, 890 P.2d 7, 10 n. 5 (Utah Ct.App.1995)); see also Home Gas Corp. of Mass., Inc. v. Walter’s of Hadley, Inc., 403 Mass. 772, 582 N.E.2d 681, 684-85 (1989) (rejecting argument that antiwaiver clause in contract “precludes waiver” where party asserting right to arbitration had extensively participated in judicial proceedings).[3] Rather, this provision should be considered as one factor in the larger waiver analysis. An antiwaiver clause itself can be waived. See Williston on Contracts § 39:36 (4th ed. 2000) (“The general view is that a party to a written contract can waive a provision of that contract by conduct despite the existence of a so-called antiwaiver or failure to enforce clause in the contract.... This general rule, that a party to a written contract may waive a provision despite the existence of an anti-waiver or failure to enforce clause, is based on the view that the nonwaiver provision itself, like any other term in the contract, is subject to waiver by agreement or conduct during performance.” (footnotes omitted)); ASC Utah, Inc., 245 P.3d at 196. We conclude that Bio-Mass’s conduct in defending against General Electric’s claim for replevin in the judicial proceedings operated to waive both the right to arbitration and the antiwaiver clause as it relates to the right to arbitration between the parties in this instance.
Accordingly, we reverse the order staying the trial court action below and compelling arbitration and remand for further proceedings.
Reversed and remanded.
SILBERMAN and VILLANTI, JJ., Concur.

. It is not clear from the parties' appendices when General Electric sought this prejudgment writ of replevin.

. Bio-Mass filed a notice of supplemental authority, citing to section 682.031, Florida Statutes (2013), which was adopted in 2013 and became effective July 1, 2013. Even if section 682.031 were to apply to this case, subsection (2)(a) confirms that an arbitrator may provide equitable relief and subsection (2)(b) allows for a court to provide equitable relief when the arbitrator cannot adequately or timely do so, in which case the right to arbitration would not be waived by seeking such relief from a court. Bio-Mass never argued in this case that an arbitrator could not have adequately or timely ruled on the replevin issue, and the law is clear that re-plevin is an arbitrable issue unless excluded from arbitration under the language of the arbitration agreement.

. Other courts and authorities have interpreted anti waiver clauses as "intended to permit parties to seek provisional remedies or other judicial proceedings that would not function to displace arbitration on the underlying dispute.” S & R Co. of Kingston v. Latona Trucking, Inc., 159 F.3d 80, 85 (2d Cir.1998) (citing cases). This approach is not applicable in this case because the antiwaiver provision language is broad and thus cannot be read to allow the parties to seek limited judicial relief on nonarbitrable issues and, as discussed above, replevin is an arbitrable issue in this case based on the broad language of the arbitration provision.