*TD Bank, N.A. v. Burke*, No. 563-12-14 Wmcv (Wesley, J., June 12, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| SUPERIOR COURT | CIVIL DIVISION |
|---|---|
| Windham Unit | Docket No. 563-12-14 Wmcv |

---

### TD Bank, N.A. f/k/a TD Banknorth vs. Burke et al

---

## ENTRY REGARDING MOTION

Click here to enter text.

Title:          Motion to Strike Jury Demand (Motion 2)
Filer:          TD Bank, N.A. f/k/a TD Banknorth
Attorney:     Elizabeth A. Glynn
Filed Date:   April 23, 2015

Response filed on 05/04/2015 by Attorney Lawrin P. Crispe for Defendant M & M Holdings, LLC
Response filed on 05/11/2015 by Attorney James B. Anderson for party 1 Co-counsel

**The motion is GRANTED.**

*Procedural History*

   In 2003 Plaintiff TD Bank extended a commercial loan for Defendant M&M Holding Co., LLC (M&M Holding) and on January 23, 2003 M&M Holding executed a promissory note ("the Note"), which was eventually increased to reflect a principal of $352,054.78. See Pl's Compl. Ex. A. M&M Holding pledged the title and rents of several real properties in New Hampshire and Vermont as security for the loan. See *id*. In addition, Defendants Robert M. Burke and Michael R. Momaney executed and delivered to Plaintiff commercial guaranties, promising to pay Plaintiff any indebtedness of M&M Holding. See Pl's Compl. Ex. B and C. Sometime before 2008, the note went into default and Plaintiff foreclosed on the real property. After foreclosure, a deficiency of over $135,000 remained. On Dec. 18, 2014, Plaintiff filed a complaint relying on the commercial guaranties against Defendants M&M Holding, Robert M. Burke, and Michael R. Momaney, seeking to recover the deficiency that remained after foreclosure. On January 22, 2014, Defendant Momaney responded denying Plaintiffs claim and raising several counterclaims. Defendants Robert M. Burke and M&M Holding responded on January 26, 2015, denying that Plaintiff could recover the deficiency, raising eight affirmative defenses as well as a single counterclaim. As part of their response, Defendants Burke and M&M Holding demanded a jury trial. On February 13, 2015, Plaintiff answered the counterclaim but did not address Defendants' request for a jury trial. On April 23, 2015, Plaintiff filed the motion to strike Defendants' jury demand now before the Court for decision.

*Discussion*

Plaintiff contends that Defendants have waived their right to a jury trial by signing the Note, which provides: "Jury Waiver. Lender and Borrower hereby waive the right to jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other." See Pl's Compl. Ex A, p. 1.[1] Further, Plaintiff argues Defendants again waived their right to a jury trial by signing the commercial guaranties which state: "Waive Jury. Lender and Guarantor hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other." See Pl's Compl. Ex. B and C.

Defendants Burke and M&M Holding oppose the motion, arguing Plaintiff waived its right to enforce the jury waiver provision by not raising the issue in Plaintiff's answer to Defendants' counterclaim. Defendants also claim that the law disfavors contractual jury waivers and Plaintiff's motion seeks to deprive Defendants of their "long established Constitutional rights," thus Plaintiff's motion should be dismissed. Defendants' claims are legally unsupported and fail to challenge the valid contractual jury waiver, and thus Plaintiff's motion to strike the jury demand is **GRANTED**.

The Seventh Amendment to the United States Constitution and Chapter II, § 38 of the Vermont Constitution ensures litigants the right to a jury in civil trials. That right, however, may be waived. See V.R.C.P. 38(d); Vt. Const. ch. II, § 38 ("Trials . . . shall be by Jury, except where parties otherwise agree."). Despite Defendants' suggestion, pre-litigation contractual jury waivers are a valid and binding method of waiving one's right to a jury trial. See *Merryl Lynch & Co., Inc. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007). In fact, a contractual waiver of the right to a jury trial is common in many contracts, and can take the form of an agreement to arbitrate, a bench trial agreement, or as in the contract here, an express waiver of the right. See *L&R Realty v. Connecticut Nat. Bank*, 715 A.2d 748, 753 (Conn. 1998) (discussing the various ways the right to a jury trial may be waived).

For a contractual jury waiver to be valid and binding many courts require the waiver be made knowingly and voluntarily. See *Merryl Lynch*, 500 F.3d 171, at 188; see also *Medical Air Technology Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 19 (1st Cir. 2002). Defendants have made no assertion that the waiver here, executed in the context of a commercial lending relationship between two business entities, was not made knowingly and voluntarily. Rather, Defendants claim that Plaintiff has waived its right to contest Defendants' demand for a jury. Defendants assert that Plaintiff's claim amounts to an affirmative dense and because Plaintiff did not timely assert the defense, it was waived. See V.R.C.P. 8(c).

Defendants provide no authority for the proposition that a contractual waiver of the right to a jury comes within the procedural requirements associated with an affirmative defense. A jury waiver has no impact on the legal claims a party may bring, the parties may assert the same defenses and claims whether the matter is tried before a judge or jury. The Court does recognize, however, that the jury waiver found in the Note and the guaranties is a contract right that may be waived like any other contract right, and such a waiver may be implied by a party's failure to assert the contractual right. See *Union School Dist. No. 45 v.*

---

[1] A later change in terms agreement that increased the amount on the Note, which was signed by both individual defendants, contained the same jury waiver provision.

*Wright & Morrissey, Inc.*, 2007 VT 129, ¶ 9, 183 Vt. 555; see also *Brennan v. Kenwick*, 425 N.E.2d 439, 441 (Ill. App. 1981). Even so, there is no set amount of time after which delay will constitute a waiver of a contractual right.

The Vermont Rules of Civil Procedure establish a deadline by which parties must request a jury trial, see V.R.C.P. 38, but the procedural requirements of Rule 38 do not govern the assertion of a right established under a valid pre-litigation contract to protest a jury demand. Rather, like the waiver of an arbitration clause, the waiver issue here is a question of fact to be resolved under the circumstances. See *Lamell Lumber Corp. v. Newstress Intern, Inc.*, 2007 VT 83, ¶ 11, 182 Vt. 282. Courts addressing whether a party has waived a right to enforce an arbitration agreement consider whether "under the totality of the circumstances, the defaulting party acted inconsistently with the [right]." *Home Gas Corp. of Massachusetts, Inc. v. Walter's of Hadley, Inc.*, 532 N.E.2d 681, 683 (Mass. 1989). Moreover, courts that have specifically considered whether a party has waived a right to assert a contractual jury waiver provision often find no waiver unless unfair prejudice will result to the party arguing for the jury. See *National Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 688 (S.D.N.Y. 1991) (rejecting defendant's argument that the bank had waived its right to enforce jury waiver by failing to timely move to strike, finding bank had not been dilatory and defendant would not suffer any prejudice).

Here, the two month delay between Plaintiff's answer and motion to strike jury demand was not dilatory. See *id*. Further, the Court cannot conclude that Plaintiff has acted inconsistently with its right to a bench trial. See *Quinn Const., Inc. v. Skanska USA Bldg., Inc*, No. 07-406, 2010 WL 4909587 at *2–3 (E.D.Pa. 2010) (finding that a party that demanded a jury trial in answer and then over a year later withdrew demand, did not waive its contractual rights to a bench trial); see also *Allaway v. Prospect Mortg.*, No. 13 c 3004, 2013 WL 6231382 at *1 (N.D.Ill. 2013)(finding plaintiff did not waive right to a bench trial by joining a collective action where representatives of the class demanded a jury trial). Moreover, no prejudice to Defendants will result by granting Plaintiff's motion to strike. See *Ross*, 130 B.R. 656 at 688. The case is not on the eve of trial and further pre-trial development will be unaffected by the designation of the matter as lying within the Court's bench docket, as opposed to its jury docket.

Electronically signed on June 12, 2015 at 02:24 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Elizabeth A. Glynn (ERN 1594), Attorney for Plaintiff TD Bank, N.A. f/k/a TD Banknorth
Lawrin P. Crispe (ERN 2383), Attorney for Defendant Robert M. Burke
Lawrin P. Crispe (ERN 2383), Attorney for Defendant M & M Holdings, LLC
Defendant Michael R. Momaney
Mark L. Zwicker (ERN 3625), Attorney for party 2 Co-counsel

Mark L. Zwicker (ERN 3625), Attorney for party 4 Co-counsel
Michael J. Marks (ERN 4944), Attorney for Neutral Mediator/Arbitrator/Evaluator Michael J. Marks
James B. Anderson (ERN 3794), Attorney for party 1 Co-counsel