The defendant Jan-Pro Franchising International, Inc. (Jan-Pro) appeals, under G. L. c. 251, § 18(a )(1), from a Superior Court judge's order denying its motion to compel arbitration of claims brought against it by the plaintiff Tony Barros for misclassifying him as an independent contractor and for violating his rights under the Wage Act. See G. L. c. 149, §§ 148, 148B, 150. The motion judge held that Jan-Pro had waived its right to compel arbitration.[4] We vacate that portion of the order and remand for further proceedings on the motion.
Background. Without setting forth the full history of this case, it suffices to say that in August, 2015, Jan-Pro moved to compel plaintiff Claudio Brandao to arbitrate his claims, under an arbitration clause in Brandao's contract with an intermediate franchisor of Jan-Pro. The plaintiffs moved in February, 2016, to amend their complaint to add Barros as a named plaintiff. Jan-Pro opposed the motion to amend to add Barros, and in the alternative it moved to compel Barros to arbitrate his claims, under an arbitration clause in a franchise agreement (the agreement) between Tony Barros Consultation, LLC, and an intermediate franchisor of Jan-Pro.[5] A judge allowed the motion to amend and allowed Jan-Pro's motion to compel Brandao to arbitrate, but did not expressly rule on Jan-Pro's similar motion as to Barros. In June, 2016, a "final judgment" entered, dismissing the case. See note 2, supra.
The parties subsequently disagreed over the meaning of the judgment, and in August, 2016, the plaintiffs moved to correct the judgment to state that it did not apply to Barros. Jan-Pro opposed the motion, arguing among other things that the logic of the previous ruling compelling Brandao to arbitrate applied equally to Barros. A second judge (the motion judge) granted the motion to correct the judgment, but allowed Jan-Pro to supplement its previously-filed motion to compel Barros to arbitrate, and set a date to hear the motion.
Jan-Pro then filed, in February, 2017, a motion to dismiss Barros's claims or, in the alternative, to compel him to arbitrate them.[6] Jan-Pro's motion to dismiss advanced two grounds: (1) that Barros individually lacked standing to claim misclassification, because only his LLC, rather than he individually, was a franchisee; and (2) that the LLC had recently sold the franchise, and in connection therewith both the LLC and Barros individually had executed a general release of all claims against Jan-Pro (among others), so that Barros's claims were barred or moot. Jan-Pro attached to its motion various materials in support of these arguments, as well as in support of its request in the alternative to compel arbitration.[7]
In opposition, Barros argued that Jan-Pro, by moving to dismiss and by attaching materials outside the pleadings that assertedly required the motion to be treated as seeking summary judgment, had waived its right to compel arbitration.[8] The motion judge agreed, leading Jan-Pro to appeal.
Discussion. In determining whether a party has waived the right to arbitration, "[t]he essential question is whether, under the totality of the circumstances, the defaulting party acted 'inconsistently' with the arbitration right." Home Gas Corp. of Mass., Inc. v. Walter's of Hadley, Inc., 403 Mass. 772, 775 (1989) (Home Gas Corp. ), quoting from Martin v. Norwood, 395 Mass 159, 162 (1985). "[I]n light of the strong Federal policy favoring arbitration," Martin, supra at 162, and the corresponding "strong public policy favoring arbitration [set out in G. L. c. 251] as an expeditious alternative to litigation for settling commercial disputes," Home Gas Corp., supra at 774, "[a] court must not infer lightly a waiver of the right to arbitrate a dispute." Martin, supra at 162. We review a finding of such a waiver for abuse of discretion, which "requires us to determine whether the motion judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives.' " Chamberland v. Arbella Mut. Ins. Co., 91 Mass. App. Ct. 680, 684 (2017), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Factors relevant to the decision include:
" '[1] whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right ... [2] whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff ... [3] whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand .... Other relevant factors are [4] whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings ... [5] whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration ...) had taken place ... and [6] whether the other party was affected, misled, or prejudiced by the delay ...' (citations omitted)."
Home Gas Corp., 403 Mass. at 775-776, quoting from Reid Burton Constr., Inc. v. Carpenters Dist. Council, 614 F.2d 698, 702 (10th Cir.), cert. denied, 449 U.S. 824 (1980). See Carpenter v. Pomerantz, 36 Mass. App. Ct. 627, 632 (1994).
Here, factors two through five plainly weighed against a conclusion of waiver. Jan-Pro communicated its intention to seek arbitration even before Barros was a party, pressed that position continuously, and never filed a counterclaim, took discovery, or allowed other important intervening steps to occur before filing its February, 2017, motion to compel arbitration. As for factor six (prejudice), the motion judge did not rely on it; although Barros argues on appeal that he has been prejudiced by the delay occasioned by Jan-Pro's combined motion and this appeal, the delay is equally attributable to Barros's decision to assert an ill-founded waiver argument in the first place.
The only conceivable basis for the argument-and the sole factor on which the motion judge relied-was Jan-Pro's decision to include, in its motion to compel arbitration, two arguments that might require dismissal of the claims on other, arguably threshold, grounds, and to attach materials to the motion that, the judge concluded, "required" it to be treated as one seeking summary judgment. See Mass.R.Civ.P. 12(b), 365 Mass. 754 (1974). The court viewed such a substantive filing as implicating factor one-action inconsistent with Jan-Pro's arbitration right-and thus as waiving Jan-Pro's right to arbitration.
The difficulty is that the motion judge was not required to,[9] and did not, treat Jan-Pro's motion as one for summary judgment. Rather, the judge resolved Jan-Pro's argument that Barros individually lacked standing to claim misclassification by ruling that, "at this [m]otion to [d]ismiss stage, this court must accept as true all the allegations in the [f]irst [a]mended [c]omplaint," and "[g]iven the standard of review of a [m]otion to [d]ismiss ... this motion must be denied." And the judge dealt with Jan-Pro's argument that the release barred Barros's claims by stating, without explanation, that this was "an issue this court has previously determined adverse[ly] to Jan-Pro."[10]
In short, it appears that the judge gave no consideration to the materials attached to Jan-Pro's motion to dismiss and denied it without converting it to a motion for summary judgment.[11] It was thus an abuse of discretion to go on to rule that Jan-Pro, by filing a motion that the judge was required to treat as a summary judgment motion, had waived its right to arbitration.[12] "A court must not infer lightly a waiver of the right to arbitrate a dispute." Martin, 395 Mass. at 162.
Conclusion. So much of the judge's order as denied Jan-Pro's motion to compel arbitration is vacated, and the case is remanded for further proceedings consistent with this memorandum and order. In all other respects, the order is affirmed.
So ordered.
Vacated in part and remanded; affirmed in part.

For simplicity, we refer to Jan-Pro's "right" to compel arbitration, without implying any view on Barros's alternative arguments that, even absent waiver, Jan-Pro had no such right. See note 7, infra.

The agreement was signed by Barros in his capacity as president of Tony Barros Consultation, LLC, the named franchisee. Barros individually may also have served as a guarantor of a promissory note executed in connection with the agreement. We use the term "agreement" without implying any view on the precise nature of Barros's or the LLC's relationship with Jan-Pro.

The agreement required the parties to submit any disputes to nonbinding mediation before seeking arbitration, and thus Jan-Pro's motion likewise sought to compel mediation and then, if necessary, arbitration. Although Barros argued, and the motion judge agreed, that Jan-Pro's request to compel mediation supported a conclusion that Jan-Pro had waived the right to compel arbitration, neither Barros nor the motion judge cited any authority for that proposition. The argument is in obvious tension with parties' ability to contract for alternative dispute mechanisms leading up to arbitration and, as discussed infra, both Federal and State policy strongly favor arbitration. An agreement to mediate as a condition precedent to arbitration has been held enforceable, see HIM Portland, LLC v. DeVito Builders, Inc., 317 F.3d 41, 44 (1st Cir. 2003), although whether such a condition precedent has been satisfied may be for the arbitrator to determine. See Chorley Enterprises, Inc. v. Dickey's Barbecue Restaurants, Inc., 807 F.3d 553, 565 (4th Cir. 2015), citing BG Group PLC v. Republic of Argentina, 134 S. Ct. 1198, 1207-1208, (2014). See also Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85-86 (2002). Based on the current record and the parties' arguments, we see no basis to conclude that Jan-Pro's request to compel mediation prior to arbitration, in accordance with the agreement, constituted a waiver of its right to compel arbitration. For convenience, therefore, we refer infra solely to Jan-Pro's right to compel arbitration, with the understanding that Jan-Pro's request encompasses mediation as well.

Jan-Pro also argued that Barros had waived his right to oppose arbitration by filing, prior to clarification of the scope of the June, 2016, final judgment, a demand for arbitration with the American Arbitration Association. The motion judge rejected this argument, and Jan-Pro does not press it in this appeal.

Barros alternatively argued that he should not in any event be compelled to arbitration, because Jan-Pro was not a party to the agreement, because the arbitration clause violated the National Labor Relations Act, and because the clause was unconscionable. The motion judge did not reach these issues, and neither do we. Any consideration of Barros's alternative arguments on remand would not, of course, furnish any additional basis for concluding that Jan-Pro had waived arbitration.

Rule 12(b) provides in pertinent part:
"If, on any motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56" (emphasis added).
The judge had the discretion to exclude from consideration the materials attached to Jan-Pro's motion, to the extent they did not relate to the request to compel arbitration.

Jan-Pro asserts that there is no such ruling in the record of this case, and we find no indication that the motion judge or any other judge made such a ruling. Barros's attempt on appeal to explain how the judge might be understood to have implicitly resolved the issue through a prior procedural ruling is unpersuasive.

We therefore need not decide whether filing a summary judgment motion in the circumstances of this case, which include the other Home Gas Corp. factors discussed supra, would constitute a waiver of arbitration. Jan-Pro did not, and seemingly could not, under G. L. c. 251, § 18(a )(1), appeal the denial of its motion to dismiss, and the arguments raised in that motion would not be before the judge on remand unless Jan-Pro chose to renew them in another motion.

To the extent that the judge's memorandum of decision may be read as finding a waiver based in part on the order in which Jan-Pro, in the body of a single motion, made its arguments for dismissal and to compel arbitration, this, too, gave excessive weight to a factor that was irrelevant in the circumstances.