MARSHALL M. ATLAS, Plaintiff-Appellee, *v.* 7101 PARTNERSHIP *et al.,* Defendants-Appellants.—(Robert A. Holstein, Defendant-Appellee.)

First District (3rd Division)   No. 81—1194

Opinion filed September 15, 1982.

William Biederman, of Marks, Katz, Randall, Weinberg & Blatt, of Chicago, for appellants.

Much, Shelist, Freed, Denenberg, Ament & Eiger, P. C., of Chicago (Michael J. Freed, Anthony C. Valiulis, and Kenneth A. Wexler, of counsel), for appellee Marshall M. Atlas.

Robert A. Holstein, of Chicago, for appellee Robert A. Holstein.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendants 7101 Partnership and certain individual defendants appeal from an order of the circuit court of Cook County granting motions to compel arbitration filed by plaintiff, Marshall Atlas, and defendant Robert Holstein and from an order denying their motion to reconsider that order. The issues presented are: (1) whether Atlas waived his right to arbitrate by submitting arbitrable issues to a court

for consideration; (2) whether Holstein has the right to compel plaintiff and the other defendants to arbitrate plaintiff's claim; and (3) whether section 9(3)(e) of the Illinois Uniform Partnership Act (Ill. Rev Stat. 1981, ch. 106½, par. 9(3)(e)) precludes arbitration in this case.

Plaintiff's amended complaint for injunctive and other relief names as defendants Vernon Schultz, Timothy Hartnett, Robert Holstein, Thomas Danis, Darryl Fohrman, Paul Lurie, Michael Sklar, and 7101 Partnership, an Illinois general partnership. The first count alleges that plaintiff is a real estate broker and was one of the partners in defendant 7101 Partnership; that on June 10, 1975, plaintiff and all of the individual defendants except Schultz formed the partnership for the purpose of acquiring, developing, and managing an office building located at 7101 North Cicero Avenue, Lincolnwood, Illinois; that on September 2, 1980, the partnership entered into a contract to sell the property, its sole asset, for $1,060,000; that section 5.01(b)(ii) of the partnership agreement provides:

"*** Marshall M. Atlas and Morris S. Rothberg, jointly, shall only receive the following compensation ***:
(b) as real estate brokerage commission:
(ii) Due upon sale of real estate owned by the Partnership, the sum of 5% of sales price. ***";

that Rothberg has assigned to plaintiff all of his interest in the broker's commission; that plaintiff was the sole procuring broker for the sale of the property, and no other broker is entitled to a commission with respect thereto; that after the real estate contract was entered into, plaintiff was advised by the partnership that it would not pay him a commission for procuring the sale, but that it intended to pay Schultz and Hartnett a commission in the amount of five percent of the selling price; that in October 1980, the sale was closed and the partnership made a part payment of the five percent commission to Schultz and Hartnett; that the partnership is prepared to pay the balance of the commission to Schultz and Hartnett; that if the contemplated commission is paid to Schultz and Hartnett, such payment would be in violation of the partnership agreement; and that unless the partnership is enjoined from paying the commission to Schultz and Hartnett, plaintiff will be irreparably injured and without an adequate remedy at law. Count two realleges many of the allegations of the first count and further alleges that if the contemplated commission is paid to Schultz and Hartnett, such payment would be in violation of plaintiff's entitlement to the commission as the sole procuring broker. The third count realleges the allegations of the first count,

and further alleges a conspiracy by Schultz and Hartnett to deprive plaintiff of the brokers' commission due him under the partnership agreement. It is alleged that as a result of their wrongful actions, the partnership has refused to pay plaintiff the commission due him in breach of the partners' fiduciary obligations to plaintiff. The prayers for relief in each count sought an order preliminarily and permanently enjoining the partnership from paying to Schultz and Hartnett a real estate broker's commission for the sale; requiring the partnership to set aside and hold from the proceeds received from the sale an amount equal to five percent of the selling price; declaring that plaintiff is the broker and the sole party entitled to a commission regarding the sale; awarding plaintiff judgment against defendants for $53,000, plus costs, interest and attorney fees, and other just relief. The prayer in the third count also sought $150,000 in punitive damages from defendants Hartnett and Schultz.

Earlier, on November 17, 1980, plaintiff had filed a complaint for injunctive and other relief, the allegations and prayers for relief of which were similar to the allegations and prayers for relief in the amended complaint summarized above. Defendant Schultz filed a motion to dismiss the original complaint, and shortly thereafter, plaintiff presented a motion for a preliminary injunction. The trial court entered an order denying plaintiff's motion for a preliminary injunction and granting plaintiff leave to file an amended complaint. Plaintiff then filed his amended complaint.

Subsequently defendant Holstein entered his appearance and filed a motion to compel arbitration pursuant to the partnership agreement, and plaintiff filed another motion for a preliminary injunction which the trial court also denied.

Following this, plaintiff moved the court for an order compelling arbitration. This motion referred to paragraph 9.02 of the partnership agreement, which provides:

> "If any controversy or claim arising out of this Partnership Agreement cannot be settled by the Partners, the controversy or claim shall be settled by arbitration in accordance with the rules of the American Arbitration Association then in effect, and judgment on the award may be entered in any court having jurisdiction."

The court granted the motions of plaintiff and defendant Holstein to compel arbitration, ordered the parties to arbitrate the dispute and stayed the action pending resolution of the arbitration proceedings. This order specifically stated that there was no just reason to delay the enforcement or appeal from the order. On April 22, 1981, a mo-

tion to reconsider was denied and as noted at the outset, it is from these orders that defendants 7101 Partnership, Schultz, Fohrman, Lurie and Sklar appeal.

Appellants contend that the trial court abused its discretion in granting the motion to compel arbitration because plaintiff waived his right to arbitrate by submitting arbitrable issues to that court. We first examine this contention.

In Illinois, arbitration is a favored method of resolving disputes. (*Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 1042, 425 N.E.2d 439.) Since arbitration is an efficient, relatively inexpensive method of settling disputes, a waiver of a right to arbitrate is not to be lightly inferred. (*Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 1043.) But the law is well settled that "a contractual right to arbitration may be waived by a party through conduct inconsistent with the arbitration clause, which would thus indicate that he had abandoned his right to avail himself thereof." (*Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 266-67, 222 N.E.2d 168; *Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 1042; *Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812, 815, 395 N.E.2d 613.) *Applicolor*, the leading Illinois case on the question of waiver, has been cited for the proposition that "a defendant's conduct [amounts to waiver] *** when he admits the existence of a contract for arbitration while submitting issues which are arbitrable under that contract to a court of law for decision." *Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 1042-43; *Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812, 816.

Here, in addition to the complaint and amended complaint, plaintiff filed two motions for preliminary injunctions, and the trial court denied both motions. Appellees note that injunctive relief may not be available in arbitration, and therefore contend that these motions were not inconsistent with plaintiff's right to arbitrate. However, we need not reach this question because we are of the opinion that given the wording of the arbitration clause in the partnership agreement, there was no waiver.

■ The arbitration clause states that arbitration shall be "in accordance with the rules of the American Arbitration Association then in effect." And section one of the Commercial Arbitration Rules of the American Arbitration Association provides: "The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration *** under [the American Arbitration Association's] Rules." Thus, section 47(a) of

those rules is deemed part of the arbitration agreement. That section provides: "No judicial proceedings by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." We are of the opinion that since this section of the American Arbitration Association rules was incorporated into the arbitration clause, the limited legal maneuverings of plaintiff in filing complaints and in obtaining rulings on his motions for preliminary injunctions were not inconsistent with that arbitration clause. Therefore, plaintiff has not waived his right to arbitrate.

This conclusion is supported by *People ex rel. Delisi Construction Co. v. Board of Education* (1975), 26 Ill. App. 3d 893, 326 N.E.2d 55. In that case, the defendant requested that a damages issue be submitted to arbitration, and the plaintiff argued that defendant waived arbitration by submitting the question of the existence of a contract to the court. The appellate court found that there had been no waiver and gave as a reason supporting its conclusion:

> "*** the arbitration clause provides that arbitrable questions be decided 'in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.' Section 46 of these *** Rules *** provides *** 'no judicial proceedings by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.'
>
> In view thereof, and because there was no mutual agreement by the parties that the Construction Industry Arbitration Rules should not control, we are of the belief that there was no waiver by defendant of the right to arbitrate the question of damages for contractual breach." (26 Ill. App. 3d 893, 896.)

The waiver language in the rule construed in *Delisi* is identical with the waiver language in the rule here. *Delisi* is, therefore, persuasive authority for a conclusion of nonwaiver here.

Even if we were to conclude that plaintiff had waived his right to arbitrate, we are of the opinion that defendant Holstein had the right under the partnership agreement to compel the parties to arbitrate. The parties do not dispute that Holstein did not waive any right that he may have to compel arbitration.

Appellants argue, however, that Holstein cannot compel plaintiff and the other defendants to arbitrate. They rely on *Property Management, Ltd. v. Howasa, Inc.* (1973), 14 Ill. App. 3d 536, 540, 302 N.E.2d 754, for the proposition that those who are not parties to an arbitration agreement cannot be forced into arbitration. It is appellants' position that plaintiff's waiver of the arbitration provision and

242

the other partners' election not to arbitrate nullifies the arbitration provision as to them. Therefore, according to appellants, the rule stated in *Howasa* mandates the conclusion that Holstein is without the right to compel plaintiff and the other partners to arbitrate their disputes. The facts of *Howasa*, however, are in no way similar to the facts of the instant case, and appellants cite no case law requiring the conclusion they seek.

■■ We find appellees' responses to appellants' argument more persuasive. They assert that the defendant partners other than Holstein were not nonparties to an arbitration agreement, but were partners bound by the terms of a partnership agreement containing an arbitration clause. Since plaintiff's claims arise out of the partnership agreement, which was signed by plaintiff and each of the individual defendants, appellees assert that Holstein has the right, under the agreement, to compel all of the partners to resolve plaintiff's dispute with them by proceeding to arbitration. This position is consistent with the principle that "parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate." (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 94, 242 N.E.2d 149; Ill. Rev. Stat. 1981, ch. 10, par. 102.) Furthermore, the result reached here is consistent with the public policy in favor of arbitration.

Lastly, appellants contend section 9(3)(e) of the Illinois Uniform Partnership Act (Ill. Rev. Stat. 1981, ch. 106½, par. 9(3)(e)) prevented both plaintiff and defendant Holstein from submitting plaintiff's claim against the partnership to arbitration. Section 9(3)(e) provides:

"(3) Unless authorized by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to:

\* \* \*

(e) Submit a partnership claim or liability to arbitration or reference."

Appellees respond that this provision of the Uniform Partnership Act deals with the powers of one or more partners *vis-a-vis* third parties and does not concern the internal relationship of partners. Thus, they contend that this section is inapplicable to the present dispute. This position finds support in the fact that section 9 is contained within part III of the Uniform Act, which is entitled, "Relations of Partners to Persons Dealing with the Partnership." See also 5 Am. Jur. 2d *Arbitration and Award* sec. 66 (1962).

■■ We are of the opinion that section 9(3)(e) of the Uniform Partnership Act did not bar arbitration of the dispute between plaintiff

and the partnership and other individual partners. Moreover, if we were to accept appellants' argument regarding section 9(3)(e), arbitration clauses contained within partnership agreements would be rendered meaningless, since a party to an agreement could prevent arbitration simply by refusing to proceed with arbitration, despite the fact that he or she had previously signed an agreement to arbitrate. Such a result cannot be countenanced.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.