FIRST DIVISION

No. 1-08-0066

| | | |
|---|---|---|
| JEFFREY WOODS, TANGO GRILL, INC., | ) | Appeal from the |
| THE HELIX GROUP, INC., and MICHAEL | ) | Circuit Court of |
| NELSON, | ) | Cook County. |
| Plaintiffs-Appellees, | ) | |
| | ) | No. 06 L 9470 |
| v. | ) | (Consolidated with |
| | ) | 06 L 1919 and 06 L 753.) |
| PATTERSON LAW FIRM, P.C., and | ) | |
| THOMAS PATTERSON, | ) | Honorable |
| | ) | Dennis J. Burke, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

This is an interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)) from an order of the circuit court of Cook County denying defendants' joint motion to compel arbitration and to stay all judicial proceedings pending the conclusion of that arbitration. We affirm.

BACKGROUND

Plaintiffs, Jeffrey Woods, Michael Nelson, Tango Grills, Inc., and The Helix Group, Inc., filed a legal malpractice action in the circuit court of Cook County against defendants, Patterson Law Firm, P.C., and Thomas Patterson. Plaintiffs alleged that defendants breached their professional duties in defending or failing to defend plaintiffs

in four consolidated forcible entry and detainer actions, an action involving an alleged breach of a promissory note, and an action alleging unpaid vacation pay. Defendants represented plaintiffs pursuant to a written engagement agreement, which contained an arbitration provision. The arbitration provision to the written engagement agreement states, in pertinent part:

> "Any controversy, dispute or claim arising out of or relating to our fees, charges, performance of legal services, obligations reflected in this letter, or other aspects of our representation shall be resolved through binding arbitration in Chicago in accordance with the rules then in effect of the American Arbitration Association, and judgment on the award rendered may be entered in any court having jurisdiction thereof. You acknowledge that by agreeing to arbitration, you are relinquishing your right to bring an action in court and to a jury trial."

A. Defendants' Lawsuit to Recover Alleged Unpaid Legal Fees

Prior to the present action, defendants filed a complaint in the circuit court of Cook County against plaintiff Woods. In that case, defendants alleged that plaintiff Woods owed them over $47,000 in unpaid legal fees. On November 7, 2005, defendants obtained a default judgment against plaintiff Woods. That same day, defendants filed a motion requesting that $45,000 of plaintiff Woods' monies, held in one of defendants'

client trust accounts, be turned over to defendants in satisfaction of the default judgment. The trial court transferred the motion for a turnover order to Judge Alexander P. White.[1]

On November 16, 2005, plaintiff Woods' legal counsel filed an appearance on behalf of Woods. That same day, Woods, through his attorney, filed a motion to vacate the default judgment and to extend the time to file a responsive pleading. On November 28, 2005, the parties appeared before the trial court on plaintiff Woods' motion to vacate the default judgment. At that hearing, defendants requested a briefing schedule. The trial court granted defendants' request and ordered plaintiff Woods to answer defendants' complaint on or before December 2, 2005.

That same day, defendants appeared before Judge White on their motion for a turnover order for funds. Neither Plaintiff Woods, nor his attorney, appeared at the

---

[1] Although the "fee" case was pending before Judge Dennis J. Burke, defendants' motion for a turnover order was set to be heard by Judge White. At that time in the Law Division of the circuit court of Cook County, Judge White was the supervising judge of the Tax and Miscellaneous Remedies Section of the Law Division and heard supplemental collection proceedings.

motion for the turnover order.[2] Defendants' motion for a turnover order was granted and transferred from defendants' client trust account.

On December 2, 2005, plaintiff Woods filed an answer to defendants' complaint, which sought collection of the alleged unpaid legal fees. On January 11, 2006, plaintiff Woods' motion to vacate the default judgment was granted. After the default judgment was vacated, plaintiff Woods served defendants with discovery requests. Defendants did not respond to the discovery requests, but rather voluntarily dismissed the case pursuant to section 2-1009 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2004)).

B. Plaintiffs' Legal Malpractice Action

On September 7, 2006, plaintiffs filed the instant legal malpractice action against defendants. On October 13, 2006, defendants filed an appearance and jury demand. On February 14, 2007, defendants filed a motion to dismiss plaintiffs' complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2004)). Defendants' motion to dismiss asserted that plaintiffs' complaint failed to comply with sections 2-603, 2-606,

---

[2] In their brief to this court, plaintiffs contend that defendants did not provide notice of the motion for a turnover order to plaintiff Woods. To the contrary, defendants contend that they provided notice of the hearing to plaintiffs' attorney at the November 28, 2005, hearing before Judge Burke. Although the parties discuss the notice of the hearing (or lack thereof) at great length, we find that whether plaintiff Woods had notice of the turnover hearing does not bear on the case at bar.

and 2-613 of the Code, in that the allegations of plaintiffs' complaint were not plain and concise statements, were not properly separated by counts, did not attach the written instrument on which the claims were based (engagement agreement), and did not attach referenced exhibits. 735 ILCS 5/2-603, 2-206, 2-613 (West 2004). On March 8, 2007, the trial court denied defendants' motion to dismiss and ordered defendants to file a responsive pleading to plaintiffs' complaint. On April 25, 2007, defendants issued a subpoena for documents to a third-party. On May 14, 2007, defendant served plaintiffs with requests to produce documents and written interrogatories.

On May 14, 2007, defendants filed a second motion to dismiss plaintiffs' complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2004)). In the second section 2-615 motion, defendants argued that plaintiffs' complaint should be dismissed because plaintiffs did not attach a copy of the parties' engagement agreement to their complaint. On May 21, 2007, the circuit court denied defendants' second motion to dismiss and ordered defendants to answer plaintiffs' complaint.

On June 4, 2007, defendants filed a demand for a bill of particulars and an answer to plaintiffs' complaint. In their affirmative defense, defendants asserted that the parties' disputes must be submitted to arbitration pursuant to the arbitration provision contained in the engagement agreement. On June 19, 2007, plaintiffs served their answers to defendants' written discovery. On July 3, 2007, plaintiffs filed a motion to strike defendants' demand for a bill of particulars. On August 21, 2007, plaintiffs' motion to strike defendants' demand for a bill of particulars was granted. On August 21, 2007,

5

defendants served plaintiffs with a notice of deposition for plaintiff Woods for September 18, 2007. On August 29, 2007, plaintiffs served defendants with written interrogatories.

On September 25, 2007, defendants filed a motion to compel arbitration. On December 12, 2007, after hearing argument from all parties, the trial court entered an order denying defendants' motion to compel arbitration. Incorporated into the trial court's order was the transcript from the December 12, 2007, hearing. The trial court held that defendants' complaint seeking alleged unpaid legal fees did not amount to defendants' waiver of their right to compel arbitration because the arbitration agreement between the parties stated that arbitration would be conducted in accordance with the rules of the American Arbitration Association in effect at the time of arbitration. Rule 48(a) of the rules of the American Arbitration Association in effect at the time of the case at bar stated: "No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." Am. Arb. Ass'n Conn. R. 48(a) (2007). However, the trial court did find that defendants waived their right to compel arbitration because defendants had filed two motions to dismiss and a demand for a bill of particulars, and defendants had actively and voluntarily participated in discovery by issuing interrogatories to plaintiffs, and by issuing a subpoena for documents on a third-party in the case at bar. Defendants appeal.

## ANALYSIS

As noted, this appeal was taken from the trial court's denial of defendants' motion to compel arbitration. Illinois Supreme Court Rule 307(a)(1) (188 Ill. 2d R.

307(a)(1)) provides that a party can appeal an interlocutory order granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. *Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 1189 (2000). "A motion to compel arbitration is analogous to a motion for injunctive relief." *Bishop*, 316 Ill. App. 3d at 1189, citing *Amalgamated Transit Union, Local 900 v. Suburban Bus Division of the Regional Transportation Authority*, 262 Ill. App. 3d 334 (1994). Where, as here, an interlocutory appeal is brought pursuant to Illinois Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)), controverted facts or the merits of the case are not decided. *Bishop*, 316 Ill. App. 3d at 1189. The only question in such an appeal is whether there was a sufficient showing to affirm the order of the trial court granting or denying the relief requested. *Bishop*, 316 Ill. App. 3d at 1189. Thus, the standard of review in an interlocutory appeal generally is whether the trial court abused its discretion in granting or denying the requested relief. *Bishop*, 316 Ill. App. 3d at 1189.

As noted, the trial court denied defendants' motion to compel arbitration after finding that defendants waived their right to arbitrate the instant dispute. The trial court firstly found that, by operation of Rule 48(a) of the rules of the American Arbitration Association in effect at the time of the case at bar, defendants' actions in filing a complaint against plaintiff Woods for alleged unpaid legal fees did not result in waiver of defendants' right to arbitrate the instant dispute. However, the trial court did find that defendants waived their right to compel arbitration because defendant had filed two motions to dismiss and a demand for a bill of particulars, and had actively and

voluntarily participated in discovery by issuing interrogatories to plaintiffs, and by issuing a subpoena for documents on a third-party in the case at bar.

Illinois courts disfavor a finding of waiver. *Bishop*, 316 Ill. App. 3d at 1191, citing *Jacob v. C & M Video, Inc.*, 248 Ill. App. 3d 654 (1993); *First Condominium Development Co. v. Apex Construction & Engineering Corp.*, 126 Ill. App. 3d 843 (1984); *Brennan v. Kenwick*, 97 Ill. App. 3d 1040 (1981). However, the right to compel arbitration of a dispute can be waived as with any other contractual right. *Bishop*, 316 Ill. App. 3d at 1191, citing *Ure v. Wangler Construction Co.*, 232 Ill. App. 3d 492 (1992). Illinois courts will find waiver of a party's right to compel arbitration when a party's conduct is inconsistent with an arbitration clause, thus indicating an abandonment of the right to arbitration. *Bishop*, 232 Ill. App. 3d at 1191, citing *Burnett v. Safeco Insurance Co.*, 227 Ill. App. 3d 167 (1992). Additionally, a party waives its right to arbitrate by submitting arbitrable issues to a court for decision. *Bishop*, 316 Ill. App. 3d at 1191, citing *Kostakos v. KSN Joint Venture No. 1*, 142 Ill. App. 3d 533 (1986). Illinois courts also consider the delay in a party's assertion of its right to arbitrate and any prejudice the delay caused the plaintiff. *Bishop*, 316 Ill. App. 3d at 1191, citing *Kostakos*, 142 Ill. App. 3d at 537.

Defendants contend that the trial court abused its discretion by denying their motion to compel arbitration. Specifically, defendants argue that the trial court abused its discretion because defendants did not submit arbitrable issues to the trial court for decision. Defendants argue that their actions in filing two section 2-615 motions to

8

dismiss and their demand for a bill of particulars were not inconsistent with their right to arbitrate. Defendants also argue that their actions in serving plaintiffs with requests to produce documents and written interrogatories, serving a subpoena for documents to a third-party, and serving plaintiffs with a notice of deposition for plaintiff Woods were not inconsistent with their right to arbitrate. Defendants further contend that the trial court correctly ruled that defendants' actions in filing a complaint against plaintiff Woods for alleged unpaid legal fees did not result in waiver of defendants' right to arbitrate the instant dispute because of the operation of Rule 48(a) of the rules of the American Arbitration Association in effect at the time of the case at bar. Finally, defendants also remind this court that they asserted their right to arbitrate as an affirmative defense in their answer to the plaintiffs' complaint.

Plaintiffs contend that the trial court did not abuse its discretion by denying defendant's motion to compel arbitration. Plaintiffs, despite the trial court's holding to the contrary, firstly argue that defendants waived their right to arbitrate by pursuing the fee case against plaintiff Woods. Plaintiffs contend that defendants' actions in following the fee case through to default judgment and pursuing the collection of the damage amount in the default judgment in the turnover proceedings amounted to defendants' waiver of the parties' arbitration provision. Secondly, plaintiffs argue that defendants waived the right to arbitrate by their actions in the case at bar. Specifically, plaintiffs argue that defendants' actions in filing two motions to dismiss, a bill of particulars, issuing interrogatories to plaintiffs, issuing a subpoena for documents to a third-party,

9

and by filing a notice for the deposition of plaintiff Woods constituted actions resulting in waiver of the parties' arbitration provision.

For the reasons that follow, we find that the trial court did not abuse its discretion by denying defendants' motion to compel arbitration. Before proceeding further, we note our agreement with the trial court's finding that defendant's action against plaintiff Woods for alleged unpaid legal fees did not waive defendants' right to compel arbitration of the current dispute. Defendants' suit to recover alleged unpaid legal fees and plaintiffs' suit against defendants for alleged legal malpractice do not arise from the same lawsuit and would not have required consideration of the same issues. *Yates v. Doctor's Associates, Inc.*, 193 Ill. App. 3d 431, 441 (1990). As such, defendants' conduct relating to the suit to recover alleged unpaid legal fees should have no bearing on whether defendants waived their right to compel arbitration in the current dispute.

However, we do find that defendants' conduct in the case at bar waived their right to compel arbitration.

As noted, defendants filed two motions to dismiss plaintiffs' complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2004)), filed a demand for a bill of particulars, issued a subpoena for documents to a third-party, served plaintiffs with requests to produce documents and written interrogatories, and served plaintiffs with a notice of deposition for plaintiff Woods.

In their brief to this court, defendants' cite to *Atlas v. 7101 Partnership*, 109 Ill. App. 3d 236 (1982), and to *Kostakos v. KSN Joint Venture No. 1*, 142 Ill. App. 3d 553

(1986), to support their argument that they did not waive their right to compel arbitration by their actions in the instant dispute.

The plaintiff in *Atlas* filed a complaint, an amended complaint, and two motions for preliminary injunction. After weighing the plaintiff's actions against what was then Rule 47(a) of the rule of the American Arbitration Association, the court determined that plaintiff did not waive his right to compel arbitration. In making this finding, the court noted that plaintiff's actions in filing a complaint, amended complaint, and two motions for preliminary injunctions constituted "limited legal maneuverings." *Atlas*, 109 Ill. App. 3d at 241.

However, unlike *Atlas*, defendants' actions in the case at bar were not of a limited nature. Significantly, defendants actively participated in discovery by issuing interrogatories to plaintiffs, by issuing a subpoena for documents to a third-party, and by filing a notice of deposition of plaintiff Woods. *Kostakos*, 142 Ill. App. 3d at 537 (noting that the defendants did not file interrogatories or take depositions in affirming a trial court's granting of the defendants' motion to compel arbitration); *Schroeder Murchie Laya Associates, Ltd. V. 1000 West Lofts, LLC*, 319 Ill. App. 3d 1089, 1098 (2001) (noting that the plaintiffs engaged in discovery in affirming the trial court's order denying the plaintiffs' motion to compel arbitration). We note that the use of interrogatories and subpoenas is not readily available in arbitration proceedings according to the rules of the American Arbitration Association, as the rules leave use of those procedures to the agreement of the parties to arbitration or to the discretion of the

11

arbitrator. We also note that the availability of depositions is limited to large or complex arbitrations and is left to the discretion of the arbitrator even in those situations.

The defendants in *Kostakos* filed a motion to quash summons, a motion to dismiss for failure to join necessary parties, a motion to dismiss for failure to plead properly, a reply to a petition to appoint a receiver, a request to admit facts, a request to produce, a motion for issuance of a protective order, a demand for a bill of particulars and a motion to produce documents, and participated in depositions taken by plaintiff. *Kostakos*, 142 Ill. App. 3d at 535. In affirming the trial court's order compelling arbitration, the *Kostakos* court found that the defendants had not waived their right to arbitration, because the defendants did not submit arbitrable issues to the trial court for determination. *Kostakos*, 142 Ill. App. 3d at 536-37. In making this finding, the court noted that defendants did not file interrogatories or take depositions, procedures not available in arbitration. *Kostakos*, 142 Ill. App. 3d at 537.

However, unlike *Kostakos*, defendants in the case at bar did file interrogatories and did file notice for the deposition of plaintiff Woods. As noted, these procedures are not readily available in arbitration proceedings according the rules of the American Arbitration Association, as the rules leave use of those procedures to the agreement of the parties to arbitration or to the discretion of the arbitrator.

Defendants in the case at bar received responses to their propounded interrogatories, a procedure that we have already noted is not readily available in arbitration. On the other hand, it is true that although defendants issued a third-party

12

subpoena for documents, they received no such documents. It is also true that although defendants filed a notice for the deposition of plaintiff Woods, there was no deposition. However, the proper focus of our inquiry in the case at bar is whether defendants acted inconsistently with their right to compel arbitration by attempting to further the defense of this lawsuit by actively participating in the judicial forum, not whether defendants were successful in that regard. *Bishop*, 316 Ill. App. 3d at 1191. The active participation in this case was the motion practice of the defendants and their attempt to obtain discovery through filing for interrogatories and depositions. Since defendants participated in procedures not readily available in arbitration, we cannot say that the trial court abused its discretion by finding that defendants waived their right to arbitrate this dispute. The defendants' actions in the case at bar, were not consistent with those of a party intent on retaining the right to arbitrate.

If we were to follow the logic of the dissent, it would provide a party with the option of obtaining or attempting to obtain discovery in the courthouse, when discovery is not a matter of right under the arbitration process, and then when the discovery process has been concluded request arbitration. Arbitration was designed as an efficient and relatively inexpensive method of settling disputes. *Atlas*, 109 Ill. App. 3d at 240. It is an alternate dispute resolution process. If we allow a party to file or defend a court action with the intent to obtain discovery, the entire alternative dispute resolution process loses its major objective. The costs and the time parameters for the party litigants become prohibitive.

13

No. 1-08-0066

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County. We cannot say that the trial court abused its discretion by finding that defendants waived their right to arbitrate this dispute due to their actions in the case at bar, by actively participating in the discovery process and in furtherance of their lawsuit.

Affirmed.

JUSTICE WOLFSON, dissenting:

Arbitration is a favored method of settling disputes in Illinois. Kostakos v. KSN Joint Venture No. 1, 142 Ill. App. 3d 533, 536 (1986). Since arbitration is an efficient, relatively inexpensive method of settling disputes, "a waiver of a right to arbitrate is not to be lightly inferred." Atlas v. 7101 Partnership, 109 Ill. App. 3d 236, 240 (1982).

The parties had an admittedly valid arbitration clause in their engagement agreement. They said their disputes "shall be resolved through binding arbitration," in accord with American Arbitration Association (AAA) rules. The clause ended with words the plaintiffs now say do not apply: "You acknowledge that by agreeing to arbitration, you are relinquishing your right to bring an action in court and to a jury trial."

By agreeing to be bound by AAA rules, the parties adopted Rule 48(a): "No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." Am. Arb. Ass'n Com. R. 48(a) (2005).

True, a party can act in a manner which is inconsistent with its contractual right to arbitrate. Schroeder Murchie Laya Associates, Ltd. v. 1000 West Lofts, LLC, 319 Ill.

14

App. 3d 1089, 1095-96 (2001). But "limited legal maneuverings" of a party do not waive its Rule 48(a) right to arbitrate. Atlas, 109 Ill. App. 3d at 241.

The existence of a waiver is determined "by the type of issues submitted, not by the number of papers filed with the court." Kostakos, 142 Ill. App. 3d at 536-37. Simply participating in the judicial forum does not demonstrate an abandonment of the right to compel arbitration. Kostakos, 142 Ill. App. 3d at 537.

Here, the defendants filed two motions to dismiss, neither of them raising an arbitrable issue. They did not file a counterclaim. Instead, they filed an answer that contained an affirmative defense claiming a right to arbitrate the dispute. They filed a notice for deposition, but there was no deposition. They issued a third-party subpoena for documents, but received no documents. They filed interrogatories, and they received the same kind of information they most likely would have been entitled to in an arbitration proceeding. They did wait a long time before filing a motion to compel arbitration, but the delay was no longer than that in Kostakos or Bishop v. We Care Hair Development Corp., 316 Ill. App. 3d 1182, 1192 (2000).

In Bishop, the defendants waited 15 months before filing an answer setting up the arbitration clause as an affirmative defense. The plaintiffs did not contend they were prejudiced by the delay, and the court, as do we in this case, found no prejudice to the plaintiffs. Bishop, 316 Ill. App. 3d at 1192. Contesting venue did not constitute waiver in Bishop, 316 Ill. App. 3d at 1192. Filing a complaint, an amended complaint, and two

motions for preliminary injunctions did not defeat the AAA Rule 48(a) "no waiver" of arbitration provision in <u>Atlas</u>, 109 Ill. App. 3d at 241.

I see no real difference between this case and <u>Kostakos</u>. There, the defendants filed an answer and participated in numerous procedural matters--including a motion to quash service of summons, a motion to dismiss for failure to join necessary parties, a motion to dismiss for failure to plead properly, a reply to a petition to appoint a receiver, a request to admit facts, a request to produce, a motion for issuance of a protective order, a demand for a bill of particulars, a demand for production of certain documents, and participation in depositions taken by the plaintiff. In addition, the defendants moved to dismiss the complaint for failure to attach a copy of the agreement at issue--something that happened in this case. In <u>Kostakos</u>, as here, no arbitrable issues were submitted to the trial court. We held the defendants' participation in the judicial forum "was not so inconsistent with the contractual right to arbitrate as to indicate an abandonment of that right." <u>Kostakos</u>, 142 Ill. App. 3d at 537.

In short, the plaintiffs are trying to slip out of their contractual duty to arbitrate. We should not let it happen. I believe the trial court abused its discretion when it denied the defendants' motion to compel arbitration.

The majority envisions dire consequences should the "logic of the dissent" be followed. I do not see how requiring parties to fulfill their contractual obligations would produce the calamitous scenario spun by the majority. Just like the Federal Arbitration Act (9 U.S.C. §1 <u>et</u> <u>seq</u>. (2000)) establishes "a national policy favoring arbitration"

16

(Preston v. Ferrer, __ U.S. __, 169 L. Ed. 2d 917, 923, 128 S. Ct. 978, 981 (2008)), Illinois decisions, including Bishop and Kostakos, reflect a policy preference for enforcement of arbitration clauses, judicial proceedings aside, especially when the parties agree to adopt AAA Rule 48(a). The Rule and our cases draw the line: no waiver of arbitration unless an issue presented in the judicial proceeding relates to the subject matter of the arbitration. The defendants raised no such issue. We should hew to the line, undeterred by visions of horrific discovery tactics. Even where those tactics include (gasp!) the filing of interrogatories.

I respectfully dissent.

JUSTICE GARCIA, specially concurring:

I write separately to emphasize the deference we owe to the trial court in our review of its order, which, in my judgment, determines the outcome of this interlocutory appeal.

It is settled law that a motion to compel arbitration is subject to the deferential standard of review of an abuse of discretion. Schroeder, 319 Ill. App. 3d at 1093-94. "[T]he scope of review in an interlocutory appeal is normally limited to determining whether the trial court abused its discretion in granting or refusing the requested interlocutory relief." Jacob v. C & M Video, Inc., 248 Ill. App. 3d 654, 664, 618 N.E.2d 1267 (1993).

Our supreme court has also recognized that the abuse of discretion standard is " 'the most deferential standard of

17

review available with the exception of no review at all.' " People v. Coleman, 183 Ill. 2d 366, 387, 701 N.E.2d 1063, quoting M. Davis, A Basic Guide to Standards of Judicial Review, 33 S.D. L.Rev. 469, 480 (1988). "An abuse of discretion occurs where no reasonable person would agree with the position adopted by the trial court." Schwartz v. Cortelloni, 177 Ill. 2d 166, 176, 685 N.E.2d 871, 876 (1997). Thus, a "trial court cannot be said to have abused its discretion if reasonable persons could differ as to its decision." In re Adoption of D., 317 Ill. App. 3d 155, 160, 739 N.E.2d 109 (2000).

The only real difference between Kostakos and this case lies in the question presented. In Kostakos, we were asked to find an abuse of discretion in the trial court's decision to order arbitration. We found no such abuse. Discretion works in either direction; a trial court may order arbitration or find waiver. In this case it found waiver. The deference owed to the trial court's determination, the standard we apply in reviewing its decision, remains the same regardless of the outcome, public policy favoring arbitration notwithstanding. (See Schroeder, 319 Ill. App.

18

3d at 1095, where we rejected the contention that the Arbitration Act "leaves no room for the exercise of discretion.")      While I agree that "limited legal maneuvering" may not amount to waiver, I am not prepared to find an abuse of discretion where the trial court has found otherwise.  Nor am I inclined to effectively substitute my judgment for the trial court's in determining whether the actions undertaken by the defendant's are truly limited legal maneuvering rather than a conscious exercise of its choice of forum.

I must also express mild disagreement with Justice Gordon's assertion that "defendants' conduct relating to the suit to recover alleged unpaid legal fees should have no bearing on whether defendants waived their right to compel arbitration in the current dispute."  Slip op. at 10.  I submit that the defendants' decision to file suit for unpaid legal fees, where the written engagement agreement with the arbitration clause would play a role in the defendants' unpaid legal fees action, suggests the defendants as lawyers found a forum of choice in the circuit court.  It also bears noting that it is this very agreement in which the

19

defendants agreed to relinquish their "right to bring an action in court and to a jury trial." Yet, they brought the unpaid legal fees action in court. And, when they filed their appearance in the instant case, they also filed a "jury trial" demand.

I submit this case turns on our standard of review. Through the lens of that standard of review, there was a sufficient showing to sustain the order of the trial court. See Schroeder, 319 Ill. App. 3d 1093-96. Here, the trial court determined the lawyers as defendants failed to act in accordance with the arbitration clause; the defendants have not persuaded us to disturb the trial court's ruling.

Because reasonable persons can differ as to the trial court's decision, as confirmed by the dissent, we cannot say as a matter of law that the trial court abused its discretion. See Kostakos, 142 Ill. App. 3d at 537.

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

## (Front Sheet to be attached to each Opinion)

_____

**Please use the**
**following form:]**

|  |  |
|---|---|
| | ] |
| | ]     **JEFFREY WOODS, TANGO GRILL, INC.,** |
| | ]     **THE HELIX GROUP, INC., and MICHAEL** |
| | ]     **NELSON,** |
| | ]          **Plaintiffs-Appellees,** |
| | ]        **v.** |
| | ] |
| | ]     **PATTERSON LAW FIRM, P.C., and** |
| | ]     **THOMAS PATTERSON,** |
| | ] |
| | ]       **Defendants-Appellants** |
| **Complete** | ] |
| **TITLE** | ] |
| **of Case.** | ] |

_____

| | | |
|---|---|---|
| **Docket No.** | ] | <u>**No. 1-08-0066**</u> |
| | ] | **Appellate Court of Illinois** |
| **COURT** | ] | **First District, First Division** |
| | ] | |
| | ] | <u>**MARCH 31, 2008**</u> |
| **Opinion Filed** | ] | <u>**(Month, Day and Year)**</u> |

_____

| | | |
|---|---|---|
| **JUSTICES** | ] | <u>**JUSTICE ROBERT E. GORDON delivered the opinion**</u> |
| _____ | ] | <u>**of the court.**</u> |
| | ] | <u>**WOLFSON, J., dissents.**</u> |
| | ] | <u>**GARCIA, J., specially concurs.**</u> |

_____

**APPEAL from the] Lower Court and Trial Judge(s) in form indicated**
**Circuit Court ] in margin:**
**of Cook County;] Appeal from the Circuit Court of Cook County.**
**the Hon:_____ ]**
**Judge Presiding]** <u>**Honorable Dennis J. Burke, Judge Presiding.**</u>

_____

**For APPELLANTS ]Indicate if attorney represents APPELLANTS or**
**John Doe of ]APPELLEES and include attorneys of counsel.**

No. 1-08-0066

```
Chicago.          ]Indicate the word NONE if not represented.
For APPELLEES,  ]_____
Smith and         ]     Mulherin, Rehfeldt & Varchetto, P.C.
Smith, of         ]     Wheaton, Illinois 60187
Chicago.          ]     Attorneys for Appellants
Brown,            ]     Attn: Patricia L. Argentati
of Counsel.       ]           Shana A. O'Grady
                  ]           OF COUNSEL
                  ]
                  ]     James T. Nyeste
                  ]     Chicago, Illinois   60602
                  ]     Attorney for Appellants
                  ]
Also add atty. ]      Edward T. Joyce & Associates, P.C.
for third party]      Chicago, Illinois   60603
appellants     ]      Attorneys for Appellees
or appellees.  ]      Attn: Edward T. Joyce
                  ]           Robert D. Carroll
                  ]           OF COUNSEL
_____(USE REVERSE SIDE IF NEEDED_____
```

22