JUSTICE WOLFSON, dissenting: Arbitration is a favored method of settling disputes in Illinois. Kostakos v. KSN Joint Venture No. 1, 142 Ill. App. 3d 533, 536 (1986). Since arbitration is an efficient, relatively inexpensive method of settling disputes, “a waiver of a right to arbitrate is not to be lightly inferred.” Atlas v. 7101 Partnership, 109 Ill. App. 3d 236, 240 (1982). The parties had an admittedly valid arbitration clause in their engagement agreement. They said their disputes “shall be resolved through binding arbitration,” in accord with American Arbitration Association (AAA) rules. The clause ended with words the plaintiffs now say do not apply: “You acknowledge that by agreeing to arbitration, you are relinquishing your right to bring an action in court and to a jury trial.” By agreeing to be bound by AAA rules, the parties adopted Rule 48(a): “No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party’s right to arbitrate.” Am. Arb. Ass’n Com. R-48(a) (2005). True, a party can act in a manner which is inconsistent with its contractual right to arbitrate. Schroeder Murchie Laya Associates, Ltd. v. 1000 West Lofts, LLC, 319 Ill. App. 3d 1089, 1095-96 (2001). But “limited legal maneuverings” of a party do not waive its Rule 48(a) right to arbitrate. Atlas, 109 Ill. App. 3d at 241. The existence of a waiver is determined “by the type of issues submitted, not by the number of papers filed with the court.” Kostakos, 142 Ill. App. 3d at 536-37. Simply participating in the judicial forum does not demonstrate an abandonment of the right to compel arbitration. Kostakos, 142 Ill. App. 3d at 537. Here, the defendants filed two motions to dismiss, neither of them raising an arbitrable issue. They did not file a counterclaim. Instead, they filed an answer that contained an affirmative defense claiming a right to arbitrate the dispute. They filed a notice for deposition, but there was no deposition. They issued a third-party subpoena for documents, but received no documents. They filed interrogatories, and they received the same kind of information they most likely would have been entitled to in an arbitration proceeding. They did wait a long time before filing a motion to compel arbitration, but the delay was no longer than that in Kostakos or Bishop v. We Care Hair Development Corp., 316 Ill. App. 3d 1182, 1192 (2000). In Bishop, the defendants waited 15 months before filing an answer setting up the arbitration clause as an affirmative defense. The plaintiffs did not contend they were prejudiced by the delay, and the court, as do we in this case, found no prejudice to the plaintiffs. Bishop, 316 Ill. App. 3d at 1192. Contesting venue did not constitute waiver in Bishop, 316 Ill. App. 3d at 1192. Filing a complaint, an amended complaint, and two motions for preliminary injunctions did not defeat the AAA Rule 48(a) “no waiver” of arbitration provision in Atlas, 109 Ill. App. 3d at 241. I see no real difference between this case and Kostakos. There, the defendants filed an answer and participated in numerous procedural matters — including a motion to quash service of summons, a motion to dismiss for failure to join necessary parties, a motion to dismiss for failure to plead properly, a reply to a petition to appoint a receiver, a request to admit facts, a request to produce, a motion for issuance of a protective order, a demand for a bill of particulars, a demand for production of certain documents, and participation in depositions taken by the plaintiff. In addition, the defendants moved to dismiss the complaint for failure to attach a copy of the agreement at issue— something that happened in this case. In Kostakos, as here, no arbitrable issues were submitted to the trial court. We held the defendants’ participation in the judicial forum “was not so inconsistent with the contractual right to arbitrate as to indicate an abandonment of that right.” Kostakos, 142 Ill. App. 3d at 537. In short, the plaintiffs are trying to slip out of their contractual duty to arbitrate. We should not let it happen. I believe the trial court abused its discretion when it denied the defendants’ motion to compel arbitration. The majority envisions dire consequences should the “logic of the dissent” be followed. I do not see how requiring parties to fulfill their contractual obligations would produce the calamitous scenario spun by the majority. Just like the Federal Arbitration Act (9 U.S.C. §1 et seq. (2000)) establishes “a national policy favoring arbitration” (Preston v. Ferrer, 552 U.S. 346, 349, 169 L. Ed. 2d 917, 923, 128 S. Ct. 978, 981 (2008)), Illinois decisions, including Bishop and Kostakos, reflect a policy preference for enforcement of arbitration clauses, judicial proceedings aside, especially when the parties agree to adopt AAA Rule 48(a). The rule and our cases draw the line: no waiver of arbitration unless an issue presented in the judicial proceeding relates to the subject matter of the arbitration. The defendants raised no such issue. We should hew to the line, undeterred by visions of horrific discovery tactics. Even where those tactics include (gasp!) the filing of interrogatories. I respectfully dissent.