NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 260226-U

NO. 4-26-0226

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 12, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ROSARIO JORGENSON, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Adams County |
| DAVID DeMOSS; ESTATE OF GINGER DeMOSS, | ) | No. 25MR11 |
| Deceased; VERNON BRANSON; RAUNETTE | ) | |
| BRANSON; and JESSE BRANSON, | ) | Honorable |
| Defendants-Appellees. | ) | Scott Douglas Larson, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court dismissed the appeal as moot, finding the marital property at issue was ordered to defendants after plaintiff filed a notice of appeal.

¶ 2    In November 2025, plaintiff, Rosario Jorgenson, filed an emergency motion against defendants, David DeMoss, the estate of Ginger DeMoss (deceased), Vernon Branson, Raunette Branson, and Jesse Branson, seeking a temporary restraining order (TRO) to regain possession of a trailer/camper. The trial court denied plaintiff's motion. On appeal, plaintiff argues the court (1) erred by relying on a voidable dissolution of marriage order and (2) abused its discretion by failing to address the merits of plaintiff's injunctive request. We conclude the appeal is moot and hereby dismiss the appeal.

¶ 3                                I. BACKGROUND

¶ 4    In November 2025, plaintiff filed an emergency motion seeking the immediate

return of a trailer/camper or payment for $4,000, a TRO, and an order of replevin. The motion stated Jesse Branson, plaintiff's ex-husband, had removed a "travel trailer/camper valued approximately $4,000" from its storage location within Adams County. The identity of plaintiff's relationship to the other defendants is unknown. The motion contended plaintiff was the sole owner "by purchase and exclusive possession" of the camper, and Jesse had "no legal right to the camper." Plaintiff contended the final order in the dissolution of marriage action between her and Jesse designated the trailer/camper as marital property but was "void *ab initio* for lack of service and due process." The motion sought (1) a TRO to prohibit defendants from, *inter alia*, selling, transferring, or damaging the camper and (2) an order of replevin directing the Adams County Sheriff's Office to seize and return the camper to plaintiff.

¶ 5    In December 2025, defendants filed a response, arguing the camper at issue was subject to a dissolution of marriage order entered in February 2022 in Adams County case No. 21-D-188. Defendants attached the dissolution of marriage order and argued the parties were required to either sell the camper and split the proceeds, or plaintiff could purchase Jesse's interest in the camper for $750 within 45 days. Defendants claimed plaintiff performed neither aforementioned option and that any dispute over the camper should be addressed in the dissolution proceedings.

¶ 6    In January 2026, following a hearing (the transcript of which is not part of the record), the trial court entered a written order denying plaintiff's emergency motion and finding the trailer/camper subject to the dissolution proceedings. The court subsequently denied plaintiff's oral motion to reconsider.

¶ 7    Defendants, in their brief, have supplemented the record to include the following documents. First, they included *In re Marriage of Branson*, 2023 IL App (4th) 220547-U, where this court specifically addressed the issue of the trailer/camper's classification as marital property.

*Id.* ¶¶ 24-26. We held the evidence showed the trailer/camper was acquired during the marriage, thereby making it marital property. *Id.* ¶ 26. We affirmed the February 2022 dissolution of marriage order. *Id.* ¶ 28.

¶ 8        Second, they included Jesse's February 2026 motion, where he sought to (1) value the trailer/camper at $1,500, (2) keep possession of it, and (3) grant plaintiff a credit of $750 against the outstanding judgment she owed Jesse.

¶ 9        Third, they included the trial court's February 2026 order denying plaintiff's collateral challenge to the February 2022 dissolution of marriage order as void *ab initio* and granting Jesse's motion awarding him sole, exclusive possession of the trailer/camper and crediting plaintiff $750.

¶ 10        Fourth, they included the trial court's July 2022 order, which noted the court specifically retained jurisdiction over enforcement of the dissolution of marriage order.

¶ 11        Fifth, they included the trial court's August 2025 order, which revived a body attachment in the amount of $23, 319.17 against plaintiff.

¶ 12        Plaintiff filed a notice of interlocutory appeal of the trial court's denial of her emergency motion pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017).

¶ 13        This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15        On appeal, plaintiff asserts two arguments: the trial court (1) erred by "[i]mproperly deferring to a voidable prior divorce judgment" and (2) "abused its discretion by disregarding the established, no-self-help Rule and ignoring clear evidence of irreparable harm resulting from [defendants'] unauthorized removal and continued detention of [plaintiff's] property during the pendency of this action."

¶ 16　　　　　Plaintiff's first contention is the trial court erroneously deferred to the dissolution of marriage order when, she claims, the order is "voidable for lack of due process, rendering it ***[] unenforceable against [her] property right." Additionally, she argues the court failed to address the portion of her motion seeking injunctive relief.

¶ 17　　　　　Plaintiff's second contention is the trial court abused its discretion when denying her injunctive relief. She argues Illinois law "prohibits self-help remedies in property disputes, especially during pending litigation, to prevent breaches of peace and ensure due process." She notes the trailer/camper was removed by Jesse after plaintiff's "January 2025 complaint put [defendants] on notice of her claims." The complaint to which she is referring is not a part of the record. Lastly, she notes the court's order ignored the irreparable harm defendants' actions caused.

¶ 18　　　　　Defendants respond by arguing plaintiff failed to sufficiently meet each element for injunctive relief and provided no basis in fact or law that she has sole property rights to the trailer/camper.

¶ 19　　　　　In reply, plaintiff argues defendants mistakenly relied on the dissolution of marriage order. She claims, in those proceedings, Jesse had admitted there were only two assets purchased during the marriage—land and a mobile home (not referring to the trailer/camper at issue here). She contends this "unrebutted admission establishes that the camper was not acquired during the marriage" and "is therefore non-marital property belonging solely to [her] and titled solely in [her] name." She also (1) argues defendants failed to rebut her second argument, (2) contends the trial court violated her due process rights by failing to let her appear remotely, and (3) notes defendants' brief violates numerous supreme court rules, including the use of (a) the wrong standard of review and (b) conclusory statements without citations to the record or controlling authorities.

¶ 20     Plaintiff's emergency motion for a TRO sought injunctive relief. As such, temporary or preliminary injunctive relief seeks to "preserve[ ] the status quo until the merits of the case are decided." *Alms v. Peoria County Election Comm'n*, 2022 IL App (4th) 220976, ¶ 25. "Because a preliminary injunction is an extraordinary remedy, it should only be granted in situations of extreme emergency or where serious harm would result if the preliminary injunction were not issued." *Id.* "To obtain a preliminary injunction, the moving party must show (1) a clear ascertained right in need of protection, (2) irreparable injury in the absence of an injunction, (3) no adequate remedy at law, and (4) a likelihood of success on the merits of the case." *Id.* To obtain an injunction, "[t]he moving party must raise a fair question as to all four elements ***." *Id.* "A party's mere opinion, conclusion, or belief is insufficient." *Id.* "Because all four elements must be met, the failure to establish any one of them requires the denial of the preliminary injunction." *Id.*

¶ 21     "When, as here, an interlocutory appeal is brought pursuant to [Rule 307(a)(1)], controverted facts and the merits of the case are not decided." *Holmberg v. City of Kewanee*, 2025 IL App (4th) 250628, ¶ 17. "The only question in such an appeal is whether there was a sufficient showing to affirm the order of the trial court granting or denying the relief requested." *Woods v. Patterson Law Firm, P.C.*, 381 Ill. App. 3d 989, 993 (2008). We review a court's ruling on a preliminary injunction for an abuse of discretion. *Alms*, 2022 IL App (4th) 220976, ¶ 24. A court abuses its discretion when "its ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the court's view." *Id.* "However, where a court makes no factual findings and rules on a question of law, our review is *de novo*." *Id.*

¶ 22     We identify at least two issues that neither party explicitly addresses in their briefing to this court: mootness and *res judicata*. For the reasons that follow, we find this appeal to be moot, requiring its dismissal. See *Cosmopolitan National Bank of Chicago v. Nunez*, 265 Ill.

App. 3d 1012, 1014-15 (1994) ("An appeal must be dismissed as moot if no actual controversy exists or if it has notice of facts that have occurred which make it impossible for the court to grant effectual relief to either party."). Even if we had not concluded this appeal was moot, the doctrine of *res judicata* would apply because we may affirm a trial court's denial of a plaintiff's motion on any basis in the record. *Bridgeview Bank Group v. Meyer*, 2016 IL App (1st) 160042, ¶ 13. Therefore, we address these two issues now.

¶ 23        "An appeal is moot when the issues involved in the trial court no longer exist because intervening events have made it impossible for the reviewing court to grant the complaining party effectual relief." *In re Benny M.*, 2017 IL 120133, ¶ 17. We review *de novo* whether an issue is moot. *In re Alfred H.H.*, 233 Ill. 2d 345, 350 (2009). In this case, following plaintiff's notice of appeal, the trial court, within the dissolution proceedings (Adams County case No. 21-D-188), entered an order granting defendants ownership of the trailer/camper at issue in this appeal and awarding plaintiff a $750 credit toward the outstanding judgment owed to Jesse. That order is not before this court. Therefore, any order in the instant case would not have any preclusive effect on it, thereby making this appeal moot. Plaintiff offers no clearly applicable exception to the mootness doctrine. "Absent a clearly applicable exception to the doctrine of mootness, a moot appeal must be dismissed." *People v. Dawson*, 2020 IL App (4th) 170872, ¶ 20 (citing *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 21).

¶ 24        Moreover, even if plaintiff's appeal was not moot, the underlying issues before this court are plaintiff's attempts to relitigate the divorce proceedings through her emergency motion in the case *sub judice*. The doctrine of *res judicata* provides a final judgment on the merits bars any subsequent action between the same parties or their privies based on the same cause of action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). It applies to all matters that were

- 6 -

actually decided in the original action and to all issues that could have been decided. *Cooney v. Rossiter*, 2012 IL 113227, ¶ 18. "Simply stated, *res judicata* does not permit 'a do-over of the first action.' " *Deutsche Bank National Trust Co. v. Bodzianowski*, 2016 IL App (3d) 150632, ¶ 22 (quoting *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 28). We review *de novo* whether an issue is barred by *res judicata*. *Carlson v. Rehabilitation Institute of Chicago*, 2016 IL App (1st) 143853, ¶ 22.

¶ 25 Plaintiff's primary argument is the dissolution of marriage order is void because Jesse's testimony during the divorce proceedings provided an admission that the trailer/camper was not acquired during the marriage, and thus, it is not marital property. This, plaintiff contends, permits her to sidestep the dissolution of marriage order and argue the trial court should have addressed her TRO request on the merits. Plaintiff is incorrect.

¶ 26 The issue of the trailer/camper as marital property was already adjudicated by the trial court in its February 2022 dissolution of marriage order. This court specifically reviewed that issue and affirmed that judgment. See *Branson*, 2023 IL App (4th) 220547-U, ¶ 28. Plaintiff subsequently appealed to the Illinois Supreme Court, but her petition for leave to appeal was denied. *In re Marriage of Branson*, No. 129830 (Sept. 27, 2023). The issue of the trailer/camper as marital property is settled. Plaintiff may disagree with the outcome, but where *res judicata* applies, "it operates without regard to whether the prior adjudication is correct or erroneous." *Bond v. Dunmire*, 129 Ill. App. 3d 796, 800 (1984). This appeal is not an appropriate vehicle for plaintiff to relitigate the issue of marital property. See *Wilson v. Illinois Benedictine College*, 112 Ill. App. 3d 932, 936 (1983) ("A reviewing court will not consider questions or contentions which are not essential to the determination of the case before it.").

¶ 27 Here, the trial court was correct to note that any issues regarding the enforcement

of the dissolution of marriage order must be addressed in Adams County case No. 21-D-188. See *Waggoner v. Waggoner*, 78 Ill. 2d 50, 53 (1979) (stating "a court in a divorce proceeding retains jurisdiction for the purpose of enforcing its decrees"). Ultimately, the court in the dissolution action did address its own decree when it ordered the trailer/camper to become Jesse's sole, exclusive property and awarded a credit of $750 to plaintiff. This, in turn, brings us back to mootness of the case before us.

¶ 28                                   III. CONCLUSION

¶ 29            For the reasons stated, we dismiss this appeal.

¶ 30            Appeal dismissed.